(85 Misc. Rep. 360)

## MITCHELL v. SECURITY BANK.

(Supreme Court, Appellate Term, First Department.   May 7, 1914.)

1. BANKS AND BANKING (§ 154*)—ACTION BY DEPOSITOR—SUFFICIENCY OF EVIDENCE—PAYMENT OF FORGED CHECK.

In a bank depositor's action to recover from the bank the amount of his check, on the ground that payment had been made on an altered or forged check, evidence *held* insufficient to show any alteration.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.*]

2. BANKS AND BANKING (§ 139*)—DEPOSITS—"CHECK"—SUFFICIENCY OF NOTICE OF REVOCATION.

A "check," which is a mere order upon a bank to pay from the depositor's account according to instructions therein contained, is subject to revocation by the drawer at any time before it has been paid or certified; but a notice to stop payment of a check for $196.76 "dated Dec. 21st 10," payable to a certain firm, did not describe a check for $196.75 dated December 23, 1910," and payable to "bearer," with sufficient accuracy to render the bank liable to the drawer for paying it.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 406–409; Dec. Dig. § 139.*

For other definitions, see Words and Phrases, vol. 2, pp. 1109–1112; vol. 8, p. 7600.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Samuel Mitchell against the Security Bank. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

I. Gainsburg, of New York City (Henry Perlman, of counsel), for appellant.

Hirschman & Drucker, of New York City (Edward W. Drucker, of New York City, of counsel), for respondent.

PAGE, J.   Plaintiff claims that on December 21, 1910, his bookkeeper drew a check No. 4028 for $196.76, which the plaintiff signed and caused to be mailed to the firm of Helfand & Abel, to whom he owed the said sum.   On the morning of December 22, 1910, Helfand & Abel telephoned to the plaintiff and informed him that their mail box had been robbed the night before, and asked him to stop payment on any check he might have sent them through the mail.   The plaintiff then called the manager of the defendant bank on the phone and told him of the robbery, and instructed him to stop payment on check No. 4028 drawn by him for $196.76 to the order of Helfand & Abel, dated December 21, 1910.   The manager, after inquiry, told him that the check had not yet been paid, and payment would be stopped, and instructed him to send ·a written stop order, and plaintiff thereupon sent the following:

"New York, 12/22/10.

"Fourteenth Street Bank, City—Gentlemen: Kindly stop payment of check made out to the order of Messers Helfand & Abel, No. 4028, amount $196.76, dated Dec. 21st 10, and oblige,

"Yours very truly,                    Samuel Mitchell."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At the end of the month plaintiff received his returned checks, and found charged against him check No. 4028, dated December 23, 1910, payable to bearer for $196.75. The check was stamped by the bank as paid December 22, 1910.

The plaintiff brings this action to recover the amount of the check from the bank upon two distinct theories: First, he asserts, and he and his bookkeeper testify, that when the check was signed it was payable to Helfand & Abel for $196.76 and dated December 21, 1910, but that before presentment the check had been "washed" and altered, and was therefore a forgery. Secondly, he asserts that since the check as presented was dated December 23, 1910, defendant had no right to pay it on December 22, 1910, and that payment on the check was stopped by him before it became due or had been paid.

[1] As to the alteration of the check, I am of the opinion that the weight of evidence is against the plaintiff. It was drawn on safety paper, which turns white if washed with acid, yet it shows not the slightest trace of any alteration. Furthermore, it is inconceivable that the thief, in altering the check so as to present it for payment on December 22, 1910, would have changed the date and made it a post-dated check, a circumstance which would be likely to arouse suspicion, and also changed the amount, making it one cent less.

[2] But the question still remains whether the defendant was guilty of negligence in paying the check after the instructions it had received as to stopping payment. Since the check was dated December 23, 1910, and was not legally payable until that date, if the notice to stop payment given on the 22d had exactly corresponded with the check, there could be no question but that the payment was unauthorized and the defendant liable. A check is a mere order upon the bank to pay from the depositor's account according to the instructions therein contained, and is subject to revocation by the drawer at any time before it has been paid or certified by the bank. Where a drawer notifies a bank to stop payment on a check, his notification must be explicit, and describe the check with reasonable accuracy. The check presented corresponded with the notification in only one, and that the least important, particular, to wit, its number. The notice was to stop payment on a check "dated Dec. 21st 10." The one paid was dated "December 23, 1910." The notice specified a check payable to "Helfand & Abel." The one paid was payable to "bearer." The notice stated the amount to be $196.76. The amount in the check paid was $196.75. I am of opinion that the notice to the bank to stop payment did not describe the check with sufficient accuracy to render the bank liable to the drawer for paying it. It is not necessary to discuss the effect of the payment on December 22, 1910, of the check dated December 23, 1910, for there is no allegation in the complaint with respect thereto, and hence the questions discussed by counsel for respondent on that proposition are without the issues.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.