[Civ. No. 2401. First Appellate District.—June 7, 1918.]

HANNAH MOLLOY, Respondent, v. CATHERINE PIERSON, as Administratrix, etc., Appellant.

JUDGMENT—SETTING ASIDE.—Equity will not overturn a judgment valid on its face, unless it is against conscience, and it appears that a like judgment would not follow in the same action or upon the same cause of action.

ID.—MERITORIOUS DEFENSE.—In an action to set aside a default judgment, the defendant must establish a good defense on the merits to the complaint upon which the judgment is based.

HUSBAND AND WIFE — DEED TO WIFE — NOTE OF WIFE TO HUSBAND'S CREDITOR—SUFFICIENCY OF CONSIDERATION.—Where a husband, upon being told that he was about to die, made a deed of all his property to his wife, and the wife at the same time and at her husband's request signed a note to a person to whom the husband was indebted for money loaned, the advantage gained by the wife in not having to probate the estate, and the disadvantage of the creditor in not being able to collect his debt out of the estate, constituted a sufficient consideration for the note.

PROMISSORY NOTE — DELIVERY — PRESUMPTION FROM POSSESSION.—A promissory note found in the possession of the payee will be presumed to have been delivered to him upon its date.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

R. W. Gillogley, for Appellant.

James F. Brennan, and John J. West, for Respondent.

BEASLY, J., *pro tem.*—William Molloy and John J. Ryan were friends. The former had brought Ryan to this country

from their home in the old world, and Ryan had been for years an intimate of Molloy's family. During the years preceding April 1, 1910, Ryan had loaned Molloy several thousand dollars, which on that day was unpaid. These men trusted each other. There had never been any writing between them. On or about April 1, 1910, Molloy being told that he was about to die, sent his wife to the family lawyer for advice about the settlement of his affairs. The lawyer suggested that Molloy deed his property, consisting of certain real estate, to his wife. This advice was followed, and with the aid of a notary, Molloy executed a deed by which all his property was conveyed to his wife. At the same time Mrs. Molloy, at her husband's request, signed a note to Ryan, written by the same notary, for the sum of $3,287.50, which was the amount of his debt. Three years subsequently Mrs. Molloy gave Ryan eight hundred dollars, which the defendant in this action claims was, and Mrs. Molloy claims was not, a payment on the note. At the same time that she gave Ryan this sum Mrs. Molloy executed a new note to him for $3,115.44, being the amount due on the first note less eight hundred dollars. Mr. Ryan died in January, 1914, and the defendant in this action was thereupon appointed administratrix of his estate. In June, 1914, the defendant here began an action against Mrs. Molloy to collect the second note given by her to Mr. Ryan. Mrs. Molloy was served with summons in the action by the attorney who began the action. She defaulted by not appearing, and judgment was taken against her on the note. One year later, in July, 1915, an execution was issued and levied on her real estate, whereupon Mrs. Molloy immediately began this action to set aside her default and the judgment against her in the action on the note. In the present action Mrs. Molloy alleges that her default in the other action was procured by fraud practiced upon her by the attorney who began that action on the note, and that she has good defenses to that action on the merits, the defenses she asserts being that the note was without consideration and that it was not delivered.

These defenses deal necessarily with the execution and delivery of the first note given by her to Ryan at the time of her husband's illness.

Equity will not overturn a judgment valid on its face unless it is an unjust judgment. It must be against conscience,

and it must appear that a like judgment would not follow in the same action or upon the same cause of action. (*Harnish* v. *Bramer,* 71 Cal. 155, [11 Pac. 888].) In order to support an action of this character it is absolutely necessary that the party who attacks the judgment establish a good defense upon the merits to the complaint upon which the judgment is based. (*Reed* v. *Bank of Ukiah,* 148 Cal. 96, [82 Pac. 845].) The trial court found that the notes were without consideration. Mrs. Molloy testifies that she made the first note to Ryan solely because her husband asked her to do so, and because she wanted to pay, and thought it was a wife's duty to pay, her husband's debts. In face of the presumption that the note was based upon a good consideration, and the evident advantage which Mrs. Molloy gained by the deed in not being compelled to probate her husband's estate, and the disadvantage suffered by Ryan when Molloy conveyed all of his property to his wife, by being placed in a position where he could not collect his debt out of Molloy's estate in probate, and also where, by standing by and consenting to the transfer of the property to the wife, he could not attack that transfer as a fraudulent conveyance, it cannot be said, even upon this testimony of Mrs. Molloy, that this note was without consideration. Mrs. Molloy's testimony is not inconsistent with the fact that this note was based upon a good consideration.

Upon the subject of the delivery of the note there is no evidence that it was actually delivered into the hands of Ryan, nor is there any evidence that it was not so delivered. Thereupon the presumption, from the fact that the note was found in Ryan's possession, that it was delivered to him upon its date controls the finding; and it must be held in this state of the evidence that the note was delivered to Ryan.

These being the only defenses which Mrs. Molloy makes, it must be held that she had no good defense upon the merits to her note, and therefore this action must fail.

The judgment is reversed.

Kerrigan, J., and Zook, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 5, 1918.