CHARLES LEVINE, Plaintiff, *v.* BANK OF UNITED STATES, Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District, May 16, 1928.

**Banks and banking — deposits — stop payment order — release contained in stop payment order does not relieve bank from liability for paying check through its negligence — stop payment order identified check.**

A bank is not relieved from liability for its negligence in paying a check after a depositor has issued a stop payment order, notwithstanding the conditions in the pass book purport to relieve the bank from liability for negligence under

such circumstances, and notwithstanding the stop payment order itself specifically released the bank from liability for negligence in paying the check.

It is against public policy to permit a bank to relieve itself from all forms of negligence, and, furthermore, a release so executed is without consideration.

A stop payment order in this case sufficiently described the check, although while the check was made payable to " H. Orkand," the stop payment order gives the name of " Harold Orkand."

ACTION brought by the plaintiff to recover from the defendant bank the sum of $500.

*Abraham Beier*, for the plaintiff.

*H. Louis Jacobson*, for the defendant.

LEARY, J.   The plaintiff opened an account with the bank and it was necessary for him to sign a signature card upon which was printed the following condition: " The undersigned hereby opens a deposit account with the Bank of United States of the City of New York, to be drawn against only by check and subject to all of the following conditions and those printed in the Pass Book which he accepts in consideration of this bank receiving this account."

At the same time the bank gave to the plaintiff a pass book which contained the terms and conditions under which the account was accepted, among which is the following: " The depositor hereby expressly releases the bank from any liability or claim for the payment through inadvertence, negligence, errors or otherwise, of checks dated ahead or upon which payment has been stopped. The depositor agrees to sign stop payment orders upon form prescribed by the bank and assent to all terms thereon."

On August 22, 1927, the plaintiff drew his check for $500 to the order of H. Orkand, and on the following day he gave a stop order to the defendant bank signed by him on the form prescribed by the bank, which provided that in consideration of the acceptance of the stop payment he released the bank from any liability whatsoever in the event of the payment of the said check.

The bank concedes that thereafter, through its own negligence, the check was paid, but pleads that it was released from any claim by the special agreement signed by the plaintiff.

The plaintiff relies upon the case of *Elder* v. *Franklin National Bank* (25 Misc. 716) to hold the defendant liable for its negligence.

The defendant does not dispute that that case is still the law, but attempts to differentiate that case from the one at bar. In the former case the bank did not have the depositor execute a release to the bank at the time it accepted the stop order, as was done by the bank in the instant case.

I find that the bank could not release itself from all forms of negligence as this is against public policy, and further I do not believe that there is a consideration for such release, as the drawer of an uncertified check can revoke his order for the payment of the same at any time before it is paid or certified by the bank, and it has no right to pay the funds of the drawer after such notice.    The bank had no right to exact a release for itself for all forms of negligence, as a condition precedent to its acceptance of such stop order, because it was an act it was already legally bound to perform.

The defendant further contends that the check was made payable to " H. Orkand " and the stop order gives the name as " Harold Orkand," and claims it did not sufficiently describe it.

In this I find that it is in error, as the written order of the plaintiff to stop payment on the check in question was explicit and described the check with reasonable accuracy.    (*Mitchell* v. *Security Bank,* 85 Misc. 360.)

I hereby find and decide that after trial the plaintiff is entitled to recover from the defendant the sum of $500.