In the Matter of the Petition of REBECCA LOTT GRAMBOW to Render and Settle Her Final Account as the Executrix, etc., of ADRIAN M. WILLIAMSON, Deceased.

EASTERN LONG ISLAND HOSPITAL ASSOCIATION and MATTITUCK PRESBYTERIAN CHURCH, Appellants; REBECCA LOTT GRAMBOW, as Executrix, etc., of ADRIAN M. WILLIAMSON, Deceased, Respondent.

Second Department, July 6, 1942.

*E. J. Dimock* [*Glen W. Watkins* with him on the brief], for the appellants.

*Adolph C. Kiendl* for the respondent.

HAGARTY, J. Two certified checks drawn by decedent, each in the sum of $20,000, one to the order of the Eastern Long Island Hospital Association and the other to the Mattituck Presbyterian Church, respectively, hereinafter referred to as the " hospital " and " church," both appellants here, were found among the assets of this estate. Appellants contend that the making of these checks and the acts, writings and conduct of decedent with respect thereto, served to create tentative trusts for their benefit, which became absolute upon the death of decedent on the 31st day of August, 1940.

From the proof it appears that between September 15, 1938, and October 20, 1938, decedent drew a number of checks in the total sum of $50,000 to the church and to the Flatlands Dutch Reformed Church, which he caused to be certified at a bank with which he maintained an account. These checks, however, were not delivered to the payees by decedent, but were redeposited by him on March 10, 1939, and thus the proceeds were again uncon-

ditionally credited to his account. On March 16, 1939, decedent drew three checks and caused them to be certified. Two of these are the checks first above described, drawn to the order of the church and the hospital. The third check was to the order of the Flatlands Dutch Reformed Church in the sum of $10,000. After decedent's death, the checks to the order of the church and the hospital were found, each in a sealed envelope addressed to these respective claimants-appellants. A note, in decedent's handwriting, with the check to the hospital, was dated March 16, 1939, and advised that " This check is for to help the people in your care." A similar note to the pastor of the church was dated October 20, 1938, and stated that " These checks for your Church are only for Church purposes." This latter note evidently had been written in conjunction with the making and certification of the original checks to the church in the fall of 1938. A third envelope contained the $10,000 check to the Flatlands Dutch Reformed Church, not a party to this appeal, together with a note likewise indicating an intention to make a gift. All three of these envelopes, together with other writings and memoranda, were found within a large envelope, partly sealed, on which was written " Adrian M. Williamson, Private."

Under the foregoing circumstances, no trust was created, nor did the decedent attempt to do so. (Cf. *Matter of Totten*, 179 N. Y. 112; *Martin* v. *Funk*, 75 id. 134; *Smith* v. *Lee*, 2 T. & C. 591.) A check is an order upon a bank to pay a designated sum of money, which may be voided at any time prior to payment. Its making does not operate as an assignment of any part of the funds to the credit of the drawer. (Neg. Inst. Law, § 325.) By certification, a bank engages to pay it. (Neg. Inst. Law, §§ 112, 323.) Even though, as an incident of this obligation, a bank reserves from the account of the drawer of the check a sum sufficient to comply therewith, as to it the relationship of debtor and creditor between the bank and its depositor remains unchanged. (*Sundail Construction Co.* v. *Liberty Bank*, 277 N. Y. 137, 141.) In the absence of delivery, the drawer is entitled to have his account credited with the amount of a certified check upon its surrender to the bank (*Anglo-South Am. Bank, Ltd.*, v. *Nat. City Bank*, 161 App. Div. 268, 274; affd., 217 N. Y. 726), as was done here in the original transaction.

In this case there was a failure both of delivery of the checks (*Vincent* v. *Rix*, 248 N. Y. 76) and of any acts or words implying that decedent held property as trustee for the appellants. (*Sullivan* v. *Sullivan*, 161 N. Y. 554; *Young* v. *Young*, 80 id. 422.)

The decree, in so far as appealed from, should be affirmed, with costs to respondent, payable out of the estate.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Decree of the Kings County Surrogate's Court, in so far as appealed from, unanimously affirmed, with costs to respondent, payable out of the estate.