Weygandt, C. J.
 

 The single question of law before this court is whether the statement or release signed by the plaintiff constitutes a valid defense to his action.
 

 In his opinion in the case of
 
 Cincinnati, H. & D. Rd. Co.
 
 v.
 
 Metropolitan Natl. Bank,
 
 54 Ohio St., 60, on page 71, 42 N. E., 700, 56 Am. St. Rep., 700, 31 L. R. A., 653, Judge Spear summarized the law relating to banks and depositors as follows:
 

 “As applicable to such case we believe that reason, and the great preponderance of authority, • establish the following conclusions: The relations of bank and general depositor is simply the ordinary one of debtor and creditor, not of agent and principal, or trustee and
 
 cestui que trust.
 
 The bank agrees with its depositor to receive his deposits, to account with him for the amount, to repay to him on demand, and to honor his checks to the amount of his credit when the checks are ' presented; and for any breach of that agreement the bank is liable to an action by him. The deposits become the absolute property of the bank, impressed with no trust, and the bank’s right to use the money for its own benefit is immediate and continuous, which right constitutes the consideration for the bank’s promise to the depositor. The bank’s agreement with the depositor involves or implies no agreement with the holder of a check. The giving of a check is not an assignment of so much of the creditor’s claim; it passes no title, legal or equitable, to the holder in the moneys previously deposited, nor does it create a lien on the fund, for there is no special fund out of which the check can be paid, nor does it transfer any money to the credit of the holder; it is simply an order which may be countermanded and payment forbidden
 
 *418
 
 by the drawer any time before it is actually cashed or accepted * * *." n
 

 And in the third paragraph of the syllabus in the case of
 
 Kahn, Jr.,
 
 v.
 
 Walton,
 
 46 Ohio St., 195, 20 N. E., 203, this court held:
 

 “A bank check, being an order on the bank by the drawer to pay his money as therein directed, is revocable by him before its presentation for payment, unless' the bank on which it is drawn has accepted or certified it,' or .otherwise become committed to its payment * * V’ 5 Ohio Jurisprudence, .403, Section . 102a; 9 Corpus Juris Secundum, 692, Section 344; 5 Ruling Case Law, 526.
 

 Hence, the plaintiff clearly had the right to countermand or revoke the check. According to the facts as alleged in the defendant’s amended answer and admitted by the plaintiff’s demurrer, the check was issued April 26, 1945, and was countermanded or revoked later the same day. However, nearly a month thereafter on May 22, 1945, the defendant nevertheless paid the check. In its amended answer the defendant alleges that this “was occasioned solely by inadvertence and/or oversight.”
 

 Under these circumstances is the defendant relieved from liability for its failure to comply with its obligation not to pay the check? More specifically, is the defendant excused therefrom solely for the reason that the plaintiff signed a statement or release to the effect that “you will in no way be held responsible if you should pay this check through inadvertency or oversight”?
 

 The Court of Appeals answered these questions in the negative on the two grounds that the so-called agreement is without consideration and also contrary to public policy.
 

 In 9 Corpus Juris Secundum, 695, Section 344, ap
 
 *419
 
 pears the following summary of the law relating to this subject:
 

 “Stipulations releasing the bank from liability for negligent payment after receiving a stop payment notice are held valid by some courts and invalid by others.
 

 “According to some authorities the common-law liability of the bank for paying a check or order in disregard of the drawer’s countermand * * * may be limited by contract. Under this view a stipulation releasing the bank from liability for paying as a result of inadvertence or accident, in spite of the stop payment order, constitutes a valid contract, which is not void as against public policy. The consideration for such a stipulation is held to spring from the mercantile relation of the parties and the reciprocal rights and obligations' which the law attaches to that relation * * *.
 

 “On the other hand, it has been held by other authorities that a stipulation purporting to release the bank from liability for any negligence in the observance of the stop payment order is without consideration and void as against public policy.”
 

 The Court of Appeals cited and relied on the three cases of
 
 Hiroshima
 
 v.
 
 Bank of Italy,
 
 78 Cal. App., 362, 248 P., 947;
 
 Elder
 
 v.
 
 Franklin National Bank,
 
 55 N. Y. Supp., 576; and
 
 Levine
 
 v.
 
 Bank of United States,
 
 229 N. Y. Supp., 108.
 

 The defendant cites and relies on the three later New York cases of
 
 Gaita
 
 v.
 
 Windsor Bank,
 
 251 N. Y., 152, 167 N. E., 203;
 
 Edwards
 
 v.
 
 National City Bank,
 
 269 N. Y. Supp., 637; and
 
 Pyramid Musical Corp.
 
 v.
 
 Floral Park Bank,
 
 48 N. Y. Supp. (2d), 866. It is claimed that these overrule the earlier decisions to the contrary in that state. And the defendant relies, too, on the Indiana case of
 
 Hodnick
 
 v.
 
 Fidelity Trust
 
 
 *420
 

 Co.,
 
 96 Ind. App., 342, 183 N. E., 488. However, the plaintiff insists that each of these, except the
 
 Pyramid Musical Corp. case, supra,
 
 is distinguishable on the facts.
 

 Be that as it may, the members of this court, after a careful study of the authorities, are of the opinion that the decision of the Court of Appeals in the instant case is sustained by the better reasoning. This plaintiff was not required to sign anything. The defendant bank was aware that a cheek “is simply an order which may be countermanded and payment forbidden by the drawer any time before it is actually cashed or accepted” and that an order to stop payment may be either oral or in writing so long as it conveys to the bank a definite instruction to that effect. Under the reciprocal rights and obligations inherent in the relationship existing between a bank and its depositors, it was the duty of the defendant not to pay the check after receiving such an order from the plaintiff depositor. Hence, when the plaintiff was asked to sign a statement or release to the effect that the bank would not be held responsible if it should pay the check through inadvertency or oversight, this was something new — an element that concededly had not previously existed in their relationship. What benefit or consideration was received by the plaintiff as the promisor and what detriment was suffered by the defendant bank as the promisee as a result of.the new statement or release? Clearly there was no compliance with either of these fundamental requirements as to a consideration. On the contrary, the plaintiff promisor thereby received no benefit but suffered a detriment, and the promisee suffered no detriment but received a benefit.
 

 Consequently the Court of Appeals was not in error in holding the purported release void for want of consideration.
 

 
 *421
 
 Was the Court of Appeals in error in holding the purported release void on the further ground that it is contrary to public policy?
 

 It is elementary that a bank is required by law to act in good faith and exercise reasonable care in its relationship with its depositors. In the second and third paragraphs of the syllabus in the case of
 
 Fourth & Central Trust Co.
 
 v.
 
 Rowe, Admr.,
 
 122 Ohio St., 1, 170 N. E., 439, this court held:
 

 “2.
 
 The reasonable rules and regulations adopted by a savings bank and printed in its pass book, signed and agreed to by a depositor, form a contract between the bank and the depositor, and each is bound thereby unless such rules and regulations are contrary to some positive rule of law or are against public policy.
 

 “3. Where the rules and regulations of a savings bank, which are agreed to by a depositor, provide ‘in all cases the payment upon presentation of a deposit book shall be a discharge to the company for the amount paid,’ such bank is not exonerated from the exercise of good faith and reasonable care in the payment of such depositor’s funds upon the presentation of a pass book and a purported order for such payment, and the burden is on the bank to show such good faith and reasonable care.
 
 (Hough Avenue Savings & Banking Co.
 
 v.
 
 Andersson,
 
 78 Ohio St., 341, approved and followed.) ”
 

 Similarly, in the instant case the obtaining from the plaintiff of a purported release from liability for inadvertency or oversight as a condition of the order to stop payment of the check was contrary to public policy and did not relieve the defendant from its duty to act in good faith and exercise reasonable care.
 

 The Court of Appeals was not in error in holding the purported release void as against public policy.
 

 
 *422
 
 However, in its amended answer the defendant, in addition to pleading the purported release, alleges further that it “at all times exercised good faith and reasonable care with respect to- plaintiff’s stop-payment order * '* The Court of Appeals sustained the demurrer to the amended answer and entered a final judgment in favor of the plaintiff. This court is of the opinion that the Court of Appeals was not in error in holding the purported release void and therefore not a valid defense; but the defendant does state a valid defense in alleging that it exercised good faith and reasonable care. Hence, for this reason alone the judgment sustaining the demurrer is reversed and the cause is remanded to the Court of Common Pleas for trial on that issue.
 

 Judgment modified and cause remanded.
 

 Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.