[S. F. No. 17646.   In Bank.   Mar. 15, 1949.]

HELEN D. UMBSEN, Appellant, v. CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO, Defendant; STATE OF CALIFORNIA, Intervener and Respondent.

Heller, Ehrman, White & McAuliffe, Lawrence C. Baker and Richard E. Guggenhime for Appellant.

Fred N. Howser, Attorney General, and E. G. Benard and William J. Power, Deputy Attorneys General, for Intervener and Respondent.

TRAYNOR, J.—In November, 1905, G. H. Umbsen & Co., a corporation engaged in the real estate business, drew a check for $6,600 against its commercial account in the Crocker First National Bank of San Francisco. The bank records disclose that the check was certified on November 8, 1905. The name of the payee is not known, and it is not known at whose behest the bank certified the check. The check has never been presented for payment and its whereabouts is unknown. The $6,600 (hereinafter referred to as the fund), which was earmarked by the bank upon the certification of the check, remained unclaimed until the commencement of this action by plaintiff, the successor in interest to all the assets of G. H. Umbsen & Company.

On February 27, 1946 the bank, following the provisions of the Abandoned Property Act (Code Civ. Proc., §§ 1274.1

et seq.), reported the unclaimed fund to the State Controller, who published notice thereof as provided by the act. Before the time specified by the act for the delivery of the unclaimed fund to the State Treasurer, plaintiff commenced this action against the bank, claiming to be the rightful owner of the fund. Plaintiff stipulated that she would furnish an adequate surety bond to protect the bank against any contingent liability in the event judgment was entered in her favor. The State of California intervened, contending that the fund was abandoned property, that plaintiff was not its owner, and that the bank was therefore required to deliver the fund to the State Treasurer. Pending final judgment the bank has withheld payment to the State Treasurer. The trial court entered judgment against plaintiff and ordered the bank to deliver the $6,600 to the State Treasurer. Plaintiff appeals.

Under the provisions of the Abandoned Property Act there is a presumption that a bank deposit unclaimed for more than 20 years has been abandoned (Code Civ. Proc., § 1274.3) and the holder thereof is required to report it to the State Controller and subsequently deliver it to the State Treasurer. (Code Civ. Proc., § 1274.6.) It is then held by the State Treasurer subject to recovery by the rightful owner.

■ A claimant may establish that he is the rightful owner of abandoned property either before or after its delivery to the State Treasurer (Code Civ. Proc., §§ 1274.6, 1274.10) and may assert his claim within five years from the time judgment has been obtained in an escheat proceeding commenced by the attorney general, provided he is not a party to such proceeding. (Code Civ. Proc., §§ 1274.9, 1268.) If the claim of the owner is not established within the time prescribed, his rights are forever barred. ■ Under the act, therefore, plaintiff as a claimant of presumptively abandoned property has the burden of showing that she is the owner of the fund.

■ The certification of a check constitutes an acceptance by the bank (Civ. Code, § 3265c), and its effect, like that of the acceptance of a bill of exchange, is to impose a primary liability on the acceptor to pay the amount of the check on demand to the payee or holder. (Civ. Code, § 3143; *Wells-Fargo Bk. etc. Co.* v. *Bank of Italy,* 214 Cal. 156, 159-160 [4 P.2d 781]; *Conner* v. *Bank of Bakersfield,* 174 Cal. 400, 402 [163 P. 353]; see Britton, Bills and Notes, 832; Beutel's Brannan, Negotiable Instruments Law (7th ed.), 1305.) It transfers the drawer's claim against the bank to the payee or holder of the check. ■ The transfer occurs at the time of

certification, if the check is certified at the instance of the payee to whom the check has been delivered. If certification is procured at the instance of the drawer, however, the transfer does not occur until the check is delivered to the payee (*Buehler* v. *Galt*, 35 Ill.App. 225, 227; *Anglo-South Am. Bank* v. *National City Bank*, 161 App.Div. 268, 274 [146 N.Y.S. 457]; *In re Williamson's Will*, 264 App.Div. 615, 616 [35 N.Y.S.2d 1016, 1018]; Ogden, Negotiable Instruments (5th ed.), 524; see Civ. Code, § 3097), so that at any time before delivery the drawer may have the check cancelled and his account recredited with the amount of the check. Thus, whether certification is procured by the drawer or the payee, delivery of the check is essential to the transfer to another of the drawer's claim against the bank. Plaintiff is entitled to recover, therefore, if the certified check was not delivered by G. H. Umbsen & Company.

Since there is no evidence of delivery or nondelivery, this case must be decided on the basis of inferences that may be drawn from the evidence. The only evidence in this case is that G. H. Umbsen & Co. had a commercial account with the bank, that it drew a check against that account which was certified by the bank, that the check was never presented for payment, and that its whereabouts is unknown. There is no evidence that G. H. Umbsen & Company's claim against the bank was ever transferred to anyone. Checks that are delivered are customarily presented for payment. Since the check in this case was never presented for payment, it is more probable than not that it was never delivered.

The state contends that according to section 3097 of the Civil Code there is a presumption that the certified check was delivered. That section provides: "And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." This provision, however, applies only in favor of a party who has possession of an instrument at the time of the trial. (*Hockett* v. *Pacific States Auxiliary Corp.*, 218 Cal. 382, 383 [23 P.2d 512]; *Molloy* v. *Pierson*, 37 Cal.App. 486, 488 [174 P. 98]; *Shain* v. *Sullivan*, 106 Cal. 208, 210 [39 P. 606]; *Pastene* v. *Pardini*, 135 Cal. 431, 433 [67 P. 681]; *Linder Hdw. Co.* v. *Pacific Sugar Corp.*, 17 Cal.App. 81, 92 [118 P. 785, 789]; see Brannan, *supra*, 391-392.) No such situation is presented herein, for no one has produced the instrument.

We conclude, therefore, that plaintiff, the successor to the last known owner of the claim, has established her right to the fund. This conclusion is consistent with the purpose of the Abandoned Property Act. That act is not like a statute that requires the forfeiture of property for some wrongful conduct. It prescribes the transfer of ownership to the state only of property held by a person with no claim of title when the true owner cannot be discovered despite the most careful inquiry. Ordinarily a proceeding would be brought and the property in due course declared abandoned if no legitimate claimant appeared. (See *Taylor* v. *Western States Land etc. Co.*, 77 Cal.App.2d 869, 874 [176 P.2d 975].) When a claimant does appear and makes a reasonable showing of a legitimate claim, a declaration of abandonment would run counter to the purpose of the act.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Intervener and respondent's petition for a rehearing was denied April 11, 1949.