**CENTRAL NATIONAL BANK OF HOUSTON, Appellant,**

v.

**Joe R. MARTIN, d/b/a Martin Mortgage Company, Appellee.**

No. 14671.

Court of Civil Appeals of Texas.

Houston.

Nov. 4, 1965.

Rehearing Denied Dec. 2, 1965.

Dow, Dow, Cogburn & Dow, Abraham P. Friedman, Houston, for appellant.

Herman W. Mead, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellant, Central National Bank of Houston, against appellee, Joe R. Martin, d/b/a Martin Mortgage Company, to recover the sum of $350.-00, being the amount paid to appellee in the form of a cashier's check which appellant issued to him upon presentation at the bank of a $350.00 check drawn by one Charles C. Walker on his account in said bank, and made payable to appellee, who endorsed it in blank. Appellee by cross-action asked for judgment over and against Walker in the event appellant recovered against him. When appellant rested, the court granted appellee's motion for judgment and dismissed appellee's cross-action against Walker. The trial was non-jury.

The check of Walker was dated March 20, 1964, and was delivered to appellee about 10 o'clock in the morning on such date. On the same day at about 1:05 p. m., Walker called at the bank and in writing stopped payment on the check, using the bank's stop-payment form which provides, among other things:

"The undersigned agrees to hold the Bank harmless for said amount, as well as for all expenses and costs incurred by this Bank through refusing payment of above check and further agrees to hold the Bank free of all liability should payment be made

contrary to this request, if such payment is made through inadvertence, accident or oversight."

On March 23, 1964, Martin took the check to appellant Bank and got a cashier's check therefor, which he deposited to his account in the First State Bank of Bellaire. Thereafter appellant's assistant cashier, Mr. James White, contacted Martin and informed him that the check had been paid over a stop-payment order and in effect requested the return of the money, which request was refused.

The trial court was not requested to file findings of fact and conclusions of law, and did not do so. Hence, we are unable to determine exactly upon what basis the trial court rendered judgment in favor of appellee when appellant concluded its evidence. The court recites in its judgment that at the conclusion of the evidence adduced by the plaintiff, the defendant moved for an instructed verdict and the court, after hearing the evidence and argument of counsel, did so grant said motion of the defendant, Joe R. Martin. The motion of appellee, entitled "Defendant's Motion for Instructed Verdict" states, among other things, that appellant offered no proof that it had been damaged in any way; that no proof was offered that appellant did or did not charge the account of Mr. Walker for the amount of the check in question; and that the only documentary evidence offered by appellant in support of its position was the stop-payment order which contained a "hold harmless clause in behalf of the bank and requires the depositor to indemnify them, no matter how the check is made, if the check is paid over the stop-payment order." It seems likely, therefore, that the court entered judgment in favor of appellee based upon its conclusion that appellant had shown no damage because it could charge the account of Mr. Walker with the amount of the check in question, in view of the provision in the stop-payment order hereinabove set out.

Article 342–712 of the Texas Banking Code of 1943 provides, among other things, that:

"The person primarily obligated to pay an item may at any time prior to presentment thereof for payment instruct the bank by or through which the same is payable not to pay such item, and shall each sixty (60) days thereafter renew such instructions. No bank shall be legally obligated to regard such instructions or renewals unless the same are in writing, dated, signed, and describe the item with certainty. After receipt of stop payment instructions in the form above provided prior to presentment for payment of the item, a bank shall exercise reasonable diligence not to pay the same, and if it thereafter negligently pays the item it shall be liable for the damages sustained in a sum not exceeding the amount of such item. * * *"

Appellant's assistant cashier, Mr. White, testified that the cashier's check was issued in error because someone had overlooked the flag on the sheet "where they called in to verify the check." Appellant pleaded the stop-payment order and alleged that "notwithstanding the foregoing, Plaintiff's employees erroneous— issued Plaintiff's cashier's check in exchange for the check of Charles C. Walker. * * *" Appellant neither pleaded any exculpatory ground or reason for its carelessness, nor did it undertake to excuse its conduct at the trial. It is our view that under the undisputed facts and as a matter of law, appellant negligently paid the check in question, and became liable to the drawer of the check, Mr. Walker, for the amount thereof unless the provision in the stop-payment order, hereinabove set out, releases appellant from its liability to Walker and gives it the right to charge his account with the amount of the check.

In 9 C.J.S. Banks and Banking § 344, p. 695, appears the following summary of the law relating to this subject.

"According to some authorities the common-law liability of the bank for paying a check or order in disregard of the drawer's countermand, infra § 353, may be limited by contract. Under this view a stipulation releasing the bank from liability for paying as a result of inadvertence or accident, in spite of the stop payment order, constitutes a valid contract, which is not void as against public policy. The consideration for such a stipulation is held to spring from the mercantile relation of the parties and the reciprocal rights and obligations which the law attaches to that relation, and it was held to be immaterial, in the absence of fraud, that the drawer did not read such a stipulation where it was printed on a card which he signed at the time he ordered payment stopped.

"On the other hand, it has been held by other authorities that a stipulation purporting to release the bank from liability for any negligence in the observance of the stop payment order is without consideration and void as against public policy."

In Reinhardt v. Passaic-Clifton Nat. Bank & Trust Co., Appellate Div.1951, 16 N.J.Super. 430, 84 A.2d 741, the court said:

"The validity of such release clauses has been the subject of conflicting judicial opinions. Thus they were held to be effective in Gaita v. Windsor Bank, 251 N.Y. 152, 167 N.E. 203 (1929); Tremont Trust Co. v. Burack, 235 Mass. 398, 126 N.E. 782, 9 A.L.R. 1067 (1920); and Hodnick v. Fidelity Trust Co., 96 Ind.App. 342, 183 N.E. 488 (1932); and were held to be ineffective in Calamita v. Tradesmens Nat. Bank, 135 Conn. 326, 64 A.2d 46 (1949); Speroff v. First-Central Trust Co., 149 Ohio St. 415, 79 N.E.2d 119, 1 A.L.R.2d 1150 (1948) and Hiroshima v. Bank of Italy, 78 Cal.App. 362, 248 P. 947 (1926). See also 1 A.L.R. 2d 1155 (1948); 34 Va.L.Rev. 834 (1948); 62 Harv.L.Rev. 1224 (1949)."

▮ After a careful study of the authorities, we are of the opinion that the cases holding that such release clauses are without consideration are supported by the better reasoning. In Calamita v. Tradesmens Nat. Bank, supra, as in the instant case, the bank furnished the stop-payment form to the drawer of the check for his signature, and, as in that case, the document in this case begins with an unqualified request to the bank to stop payment on the check. The last paragraph of the stop-payment form contains the provision relative to payment made through inadvertence, accident or oversight. Under Article 342–712 of the Texas Banking Code, appellant when requested by Mr. Walker was obligated to place a stop-payment order upon the check in question which had not at that time been presented for payment. It could not have refused to do so even though Walker refused to sign the particular stop-payment order which contained said provision, but instead merely instructed the bank by a written instrument or letter dated and signed and describing the item with certainty, to stop payment thereon. Since appellant, in stopping payment on the check, did what it was legally obligated to do, there was no consideration for the release by Mr. Walker of appellant in the event that it paid the check in violation of the stop-payment order, because of its oversight, accident or inadvertence.

In our opinion, therefore, it cannot be said that appellant had no cause of action against appellee because of the fact that it could charge the account of Walker with any loss sustained by it as a result of paying the check in question over the stop-payment instructions. The case was not fully developed with respect to appellant's right, if any, to recover against appellee. The only testimony in regard to consideration for the check as between appellee and Mr. Walker was the latter's testimony that he gave the check to Martin based upon some agreement with Mr. Martin to perform some service for him (Walker), and that Martin did not do it. In view of the court's granting Martin's motion for judgment at the conclusion of appellant's evidence, it was

not necessary for Mr. Martin to take the stand in his own behalf and he did not do so. We express no opinion with respect to the controversy which may arise between Martin and Walker upon another trial. Insofar as the relations between appellant and Martin are concerned, the evidence shows that as a result of appellant's failure to observe the stop-payment order, Martin received from appellant funds that he should not have received.

■ Appellant pleaded and now contends that it is entitled to recover from Martin the money it paid him, because the same was paid under a mistake of fact, and if appellant does not recover appellee will be unjustly enriched. The law is well settled that money paid under a mistake of fact caused by carelessness, negligence or forgetfulness may be recovered. See 44 Tex. Jur.2d § 77, p. 750, and also p. 752, where it is said: "The reason for the rule is that the payee ought not to retain what in conscience does not belong to him as against the person to whom in conscience it does belong." So far as the record shows, the trial court did not pass upon the question as to whether or not Mr. Martin was unjustly enriched, or whether the negligence of appellant, in overlooking the stop-payment order and paying him the amount of the check, caused Martin to alter or change his position in a way that he would be damaged if required to return the money. As to what constitutes change of position by payee so as to preclude recovery of payment made under mistake, see Annotation in 40 A.L.R.2d p. 997. See also Clark v. Bradley, Tex Civ.App., 270 S.W. 1050.

■ It is our view that the duty was upon appellee to plead and prove his injury, if any, arising from appellant's negligence, since this is a matter peculiarly within his knowledge. Rule 94, Texas Rules of Civil Procedure; Capital National Bank in Austin v. Wootton, Tex.Civ.App., 369 S.W.2d 475; writ dism., and authorities cited. In that case the court said:

"The conclusion of the Trial Court that appellee was not shown to have been unjustly enriched by having received the proceeds of check 7215 is refuted by the record insofar as such payment to him by the bank is concerned. He has the bank's money, and he has no right to the bank's money. This is enrichment; it is also unjust." See also First-Wichita National Bank v. Steed, Tex. Civ.App., 374 S.W.2d 932, no writ.

■ We are of the opinion that the trial court erred in rendering judgment against appellant at the conclusion of its evidence. The judgment of the trial court is reversed and the cause remanded for a new trial in order that, upon proof by appellant that it paid Martin the $350.00, and upon proof of Martin's unjust enrichment, he may be given an opportunity to plead and prove his damages, if any, as a result of appellant's negligence, and to prosecute his claim, if any, over against Walker because of the stop-payment order.

Reversed and remanded.