**RICHARDSON HEIGHTS BANK AND TRUST, Appellant,**

v.

**Frank WERTZ, Appellee.**

No. 17927.

Court of Civil Appeals of Texas, Dallas.

June 29, 1972.

Rehearing Denied July 20, 1972.

H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Wm. Andress, Jr., Andress & Woodgate, Dallas, for appellee.

BATEMAN, Justice.

The appellee Frank Wertz sued the appellant Richardson Heights Bank and Trust, herein called the Richardson bank, the Hillcrest State Bank of University Park, herein called the Hillcrest bank, and William E. Baker, for actual and exemplary damages. Sitting without a jury, the trial court rendered judgment that Wertz take nothing against the Hillcrest bank, that he recover judgment against the Richardson bank for $1,505 with interest and costs, but no exemplary damages, and that he recover default judgment against Baker for $1,505 actual damages and $1,000 exemplary damages, with interest and costs. The Richardson bank appeals and Wertz cross-appeals.

The material facts revealed by the undisputed evidence are: Wertz was a general agent for American National Insurance Company and Baker was his assistant. Baker had borrowed $1,505 from American National Insurance Company and Wertz guaranteed payment of his notes therefor. On or about August 1, 1970 Baker expressed to Wertz his intention to pay the indebtedness. Wertz had already received Baker's notes from American National Insurance Company by paying the amounts thereof to that company. Baker gave Wertz his check for $1,505, dated August 15, 1970, payable to the order of American National Insurance Company, but ordered the bank to stop payment thereof by letter dated August 10, 1970. On several successive business days after receipt of the check Mrs. Bishop, an agency secretary for American National Insurance Company in Wertz's office, called the Richardson bank to inquire whether Baker's check was good, and on each occasion was advised that it was not. On August 25, 1970, however, the Richardson bank advised her that it

was good, whereupon, after stamping an endorsement thereon, as follows:

Pay to the order of
HILLCREST STATE BANK
AMERICAN NATIONAL INSURANCE
COMPANY
For Deposit Only,

she took Baker's check to the Richardson bank and exchanged it for a cashier's check from that bank dated August 25, 1970, payable to the order of "American National Insurance Co. for deposit only to Hillcrest State Bank," in the sum of $1,505. Upon receipt of that cashier's check Wertz delivered to Baker his notes aggregating $1,505, and Mrs. Bishop deposited the cashier's check to the account of American National Insurance Company in the Hillcrest bank. On August 27, 1970 the Richardson bank wrote a letter to Wertz, with copy to the treasurer of American National Insurance Company, asking return of the cashier's check because Baker's check had been paid under a mistake of fact, a computer error, in that Baker had previously given the bank an order to stop payment on his check. On August 31, 1970 the Richardson bank wrote the treasurer of American National Insurance Company, with copy to Wertz, that a stop-payment order had been placed on the cashier's check. The cashier's check was received by the Hillcrest bank on September 10, 1970, marked "Payment Stopped."

The trial court's conclusions of law were that (1) Wertz was the beneficial owner of both Baker's check and the cashier's check, and had suffered a loss of $1,505; (2) the Richardson bank wrongfully stopped payment on its cashier's check and is liable to Wertz for the amount thereof; and (3) the Richardson bank knowingly participated in Baker's acts in stopping payment of checks before the date of such checks, but is not liable for exemplary damages.

Appellant's four points of error on appeal complain of (1) the trial court's holding that it wrongfully stopped payment on the cashier's check; (2) the judgment in favor of Wertz on a cashier's check of which he was neither a payee nor endorsee; (3) the judgment because it has no support in the pleadings or (4) the evidence. The points will be discussed and disposed of together.

■ Wertz cannot say that he paid the insurance company in reliance upon either Baker's check or the cashier's check, or that he has been damaged by anything the Richardson bank did, because he had already paid the insurance company and received the notes from it before either check was issued. Being neither payee nor endorsee of either check, he was not a holder in due course. Texas Uniform Commercial Code, § 3.302*, V.T.C.A.

■ Baker had an absolute right to order payment stopped on his check, Texas Uniform Commercial Code, § 4.403, and the bank was obligated to honor the order, Central Nat. Bank of Houston v. Martin, 396 S.W.2d 218, 221 (Tex.Civ.App., Houston 1965, writ dism'd), and would have been liable to Baker if it had not honored it. McPheeters v. Farmers State Bank, 416 S.W.2d 605, 608 (Tex.Civ.App., Tyler 1967, no writ); Hewitt v. First National Bank, 113 Tex. 100, 252 S.W. 161 (1923); American National Bank v. Reed, 134 S. W.2d 782 (Tex.Civ.App., Amarillo 1939, writ dism'd). See also First-Wichita National Bank v. Steed, 374 S.W.2d 932, 934 (Tex.Civ.App., Fort Worth 1964, no writ); Central National Bank of Houston v. Martin, supra; Pram Laboratories, Inc. v. Pram Laboratories-South, 445 S.W.2d 533, 538 (Tex.Civ.App., Dallas 1969, no writ); Capital National Bank in Austin v. Wootton, 369 S.W.2d 475 (Tex.Civ.App., Austin 1963, writ dism'd); Pacific Molasses Co. v. Graves, 451 S.W.2d 294, 298 (Tex.Civ.App., San Antonio 1970, writ ref'd n. r. e.).

* Title 1 of Texas Business and Commerce Code.

Wertz argues that he changed his position in reliance upon the issuance of the cashier's check by delivering the notes to Baker, and was thus damaged by the Richardson bank's refusal to honor its cashier's check. However, he sustained no damage or loss thereby, because he recovered judgment against Baker for the amount of said notes together with $1,000 exemplary damages, from which judgment no appeal was taken.

In State v. Tyler County State Bank, 277 S.W. 625, 627, 42 A.L.R. 1347 (Tex. Com.App.1925, jdgmt adopted and holding appr'd), the law is clearly stated, as follows:

"An ordinary check is simply a written order of a depositor to his bank to make a certain payment, and is executory in its nature. A cashier's check is one issued by the authorized officer of a bank directed to another person evidencing the fact that the payee is authorized to demand and receive upon presentation from the bank the amount of money represented by the check, and like an ordinary one, it is also executory in its nature and revocable at any time before the bank has paid it. 1 Words and Phrases, Second Series, p. 658."

That case was cited with approval and quoted from in Preston v. First State Bank of Amarillo, 344 S.W.2d 724, 726 (Tex. Civ.App., Amarillo 1961, writ ref'd n. r. e.).

Since Wertz was not a holder in due course of either check, whatever rights or ownership he might have had in them were subject to the defenses of the bank. Texas Uniform Commercial Code, § 3.306. The bank had pled, *inter alia*, both lack and failure of consideration for its cashier's check, and since it was obligated by law to honor the stop-payment order, the lack of consideration was a good defense to Wertz's action on the cashier's check.

We therefore hold that the trial court erred in holding that the Richardson bank acted wrongfully in refusing to pay its cashier's check, and that there was no evidence to support the judgment.

We also agree with appellant that there is no support for the judgment in the pleadings. Wertz alleged in his petition that the Richardson bank issued a cashier's check payable to American National Insurance Company for deposit only to Hillcrest State Bank, and that immediately after issuance of the cashier's check the bank notified him that it had been issued in error and requested its return. He also alleged that after payment had been stopped on the check the Hillcrest bank charged back to the American National Insurance Company's account in the Hillcrest bank the amount of the check.

Rule 301, Vernon's Texas Rules of Civil Procedure, provides that the judgment shall conform to the pleadings. Both the pleadings and the evidence in this case show that both checks were payable to American National Insurance Company, and Wertz did not plead that he was the payee, endorsee or assignee of either check, or that he had any interest in either check. The trial court concluded, as a matter of law, that Wertz was the "beneficial owner" of the cashier's check, but there was no pleading of such beneficial ownership.

All four of appellant's points of error are sustained.

Wertz presents two cross-points of error under which he says (1) that the stop-payment order issued by Baker five days before the issuance of his check was not valid and was "a badge of fraud," and (2) that "the repeated connivance of the Richardson Bank in honoring Baker's stop-payment orders given before the issuance of the checks constitutes legal malice requiring imposition of exemplary damages in order to make Wertz as a faultless party whole." The cases cited in support of these cross-points may be said to support a judgment against Baker, but do not support the judgment against the Richardson

bank. Wertz argues that the evidence shows that the bank was aware of Baker's "penchant" for stopping payment on checks before he even drew them and, by honoring the stop-payment order in question, "connived" in the practice, thus making itself liable in exemplary damages to Wertz. We know of no authority which would support this position. The cross-points are without merit and are overruled.

The judgment of the trial court is reversed and judgment here rendered that appellee Wertz take nothing by his suit against appellant Richardson Heights Bank and Trust. Appellee's judgment against William E. Baker is not disturbed. All costs are taxed against appellee Wertz.

