MARGARET A. GILLESPIE, Plaintiff-Appellant, *v.* THE RILEY MANAGEMENT CORPORATION *et al.*, Defendants-Appellees.

(No. 72-76;

Second District—September 17, 1973.

Jacobs & Spencer, of Villa Park, (Charles W. Spencer, of counsel,) for appellant.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Can a cashier's check, purchased by a corporation's agent and made payable to that corporation and a third party be returned to the issuing bank for credit without endorsement?

The stipulated facts of this case disclose that Riley Management Corporation (Corporation), through its agent entered into an agreement whereby she was to sell an apartment building to the plaintiff. The contract provided that it would pay $1000 earnest money followed by an additional $24,000 payment, the total $25,000 to be held by the Corporation in escrow. After receiving the $25,000 but before establishing the escrow William C. Riley, president of the Corporation, informed plaintiff that to avoid the extra expense of escrow he had instead purchased a cashier's check made payable to the Corporation and plaintiff; he assured plaintiff that both their signatures would be necessary to negotiate the check. The record discloses no objection posed by plaintiff to this arrangement.

The defendant, National City Bank in Chicago, had an account for the Corporation but was unaware of the Corporation's business transactions with other parties to this suit. Riley deposited the initial $1000 check into the Corporation account and a short time later he similarly deposited plaintiff's $24,000 check drawn on an out of town bank. At the time of this last deposit, he requested a cashier's check in the sum of $25,000 but was informed that, because the Corporation's balance was less than $13,000, he would have to await clearance of plaintiff's check. Later, upon notification of clearance, the defendant did issue a $25,000 cashier's check made payable to the Corporation and plaintiff.

About one month later, Riley returned with the check, notified defendant that it had not been used for the purposes intended and requested, in its stead, two cashier checks (one for $15,000, the other for $10,000) made payable to the Corporation. He surrendered the original cashier's check without endorsements but, at the request of defendant, wrote on the reverse side "not used for purpose issued." The defendant then issued the two cashier's checks requested.

Approximately two months later, plaintiff became aware of Riley's actions and made a demand on defendant for the return of her $25,000. Defendant's refusal precipitated this suit for conversion by plaintiff. The trial court dismissed the complaint and plaintiff appeals.

Plaintiff's position is that the cashier's check issued when defendant placed its signature on the instrument and handed it to Riley, that, at this point in time, a debtor-creditor relationship was created between the defendant and the named payees (plaintiff and Riley Management Corporation), that Riley's status as purchaser ceased and he became one of two payees, that delivery to one of two or more payees is delivery to all, and that under section 3—116 of the Uniform Commercial Code (UCC), it was necessary that both payees negotiate the check to legally discharge the defendant from liability.

Defendants pose that the cashier's check was neither delivered nor negotiated but that the legend affixed and the check's surrender renounced and cancelled the transaction as provided under section 3—605.

We deem it helpful to set forth certain terminology as defined by the Uniform Commercial Code (Ill. Rev. Stat. 1963, ch. 26, sec. 1—101 *et seq.*): Instrument "means a negotiable instrument" (sec. 3—102(1)(e)); *Issue* "means the first delivery of an instrument to a holder or a remitter" (sec. 3—102(1)(a)); *Delivery* "means voluntary transfer of possession" (sec. 1—204(14)); and *Holder* "means a person who is in possession of * * * an instrument * * * to him * * *" (sec. 1—201(20)).

■■ A cashier's check is defined as a bill of exchange drawn by a bank upon itself and accepted in advance by the act of issuance. When a purchaser has paid the consideration and the bank has transferred the cashier's check to the purchaser, for delivery to the payee, the contract between the bank and purchaser has become executed, a debtor-creditor relationship takes place and, by definition, the check issues. The terms "issue" and "delivery" as defined are not synonymous. However, this same contract, *sub silentio*, contemplates a delivery of the cashier's check by the purchaser to the named payee. Until delivery, the purchaser retains ownership of the check and is entitled to return it for cancellation. (*Buehler v. Galt*, 35 Ill.App. 225, 227 (1889). See also *Umbsen v. Crocker First Nat. Bank of San Francisco*, 33 Cal.2d 599, 203 P.2d 752, 754 (1949); *Burke v. Mission Bay Yacht Sales*, 214 Cal.App.2d 723, 29 Cal.Rptr. 685, 688 (1963), and *Bunge Corp. v. Manufacturers Hanover Trust Co.*, 31 N.Y.2d 223, 229 (1972). For a more strict interpretation see, *National Newark & Essex Bank v. Giordano*, 111 N.J. Super. 347, 268 A.2d 327 (1970).) Once there is delivery, actual or constructive, of a cashier's check to a payee, the rule, with limited exceptions, is that it is not subject to countermand by either its purchaser or the issuing bank. *Foreman v. Martin*, 6 Ill.App.3d 599, 602 (1972); *Acme Excavating Co. v. State Bank of Breese*, 69 Ill.App.2d 280 (1966),

and *Madison & Kedzie State Bank ex rel. Globe Indemnity Co. v. Madison Square State Bank,* 271 Ill.App. 12, 18 (1933).

■■ Complications arise at attempting to apply the pronounced rules to the instant case, for in various stages of events Riley acted in two differing capacities: he was agent-purchaser for the Corporation and agent-payee of the Corporation.[1] He could not simultaneously act in both capacities. At the time defendant issued the original cashier's check Riley ceased to function as agent-purchaser and assumed the role of agent-payee. Facts supporting this conclusion are that defendant was instrumental in all of the following transactions and recognized Riley as an agent for the Corporation when he deposited plaintiff's checks made payable to the Corporation in the Corporation's account, withdrew the monies for the check in question from such account, returned this check, unsigned, for credit to the account and immediately withdrew sufficient funds to acquire the subsequent cashier checks for $15,000 and $10,000, respectively, made payable to the Corporation from its account. Such recognition having been established, defendant's handing of the cashier's check to Riley initiated his role as agent-payee. The transfer thus became a delivery to one of two payees. Delivery to one of two payees is tantamount to delivery to both. *Ryhiner v. Feickert,* 92 Ill. 305, 312 (1879); *United States Fidelity & Guaranty Co. v. Peoples National Bank,* 24 Ill.App.2d 275, 281 (1960); *Hoffman v. First National Bank,* 299 Ill.App. 290, 294 (1939).

■■ An instrument payable to the order of two or more payees not in the alternative is payable to all payees and may be negotiated, discharged or enforced only by all of them. (UCC, sec. 3—116.) Having found the cashier's check issued and delivered, the defendant could neither countermand nor discharge its liability without the endorsement of both payees.

■■■ One other point needs disposition. Defendant relies on a section of the Code which recites that a holder of an instrument may discharge any party by renouncing his rights in writing or by surrendering the instrument to the party to be discharged. (UCC, sec. 3—605(1)(b).) Defendant argues that Riley was a holder by definition under this section; that as such he renounced his rights in writing by supplying the notation "not used for purpose issued" on the reverse side of the check; further, that he surrendered the check without any endorsements; and, therefore, the defendant was discharged. Here, however, Riley was not merely a holder but agent for one of two payees. Comment to the UCC section

---

[1] We assume defendant would not have allowed Riley to withdraw corporate funds in his individual capacity.

establishes that where an instrument is made payable to two payees, not in the alternative, "\* \* \* both must join in any action \* \* \* and the rights of one are not discharged without his consent by the act of the other." UCC Comment, S.H.A., ch. 26, sec. 3—116, p. 73 (1963).

■■ It was error for the trial court to dismiss the complaint. The order is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

GUILD, P. J., and SWANSON, J., concur.