Bernard M. Herman, J.
This is a motion brought on by an order to show cause for an order vacating a restraining notice and information subpoena previously served by the judgment creditor upon the Marine Midland Bank in which bank the judgment debtor has a checking account. The vacatur is sought because of the contention by the judgment debtor that the funds sought to be restrained are part of a trust, and hence not available to the judgment creditor.
The judgment debtor had previously issued checks to a tenants’ committee known as steering committee 3, which checks were eventually to be turned over to the judgment debtor’s landlord ip payment of the judgment debtor’s rent. It is undisputed that the steering committee retained these rent checks and has never presented the same to the Marine Midland Bank for payment.
The judgment debtor contends that the act of giving her rent checks to the steering committee has established a trust and has reduced her checking account bank balance by the amount of these checks which are being held by the said steering committee and that the same precludes the judgment creditor from attaching her checking account funds in the Marine Midland Bank. The judgment debtor contends that a trust was established by the mere delivery by her to the said steering committee of these checks in payment of her rent.
New York Jurisprudence (vol 61, Trusts, § 52) sets forth the conditions for the creation of a express trust in the following language: "The rule most frequently quoted, in whole or in part, is that the following four elements are required for the creation of a private express trust in property: (1) a designated *693 beneficiary, (2) a designated trustee, who must not be the sole beneficiary, (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee, and (4) the actual delivery of the fund or other property, or the legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee ” (Emphasis added.)
It cannot realistically be argued that the mere delivery of the judgment debtor’s checks to the steering committee was a delivery of the fund contained in the said checking account because it has been held that: "A check is a mere order upon a bank to pay from the drawer’s account, and, until presented and paid, is revocable by the drawer. Aetna National Bank v Fourth National Bank of City of New York, 46 NY 82, 88; O’Connor v Mechanics’ Bank, 124 NY 324, 331, 26 NE 816, 817; Matter of Williamson’s Will, 264 App Div 615, 616; 35 NYS2d 1016, 1018; Mitchell v Security Bank, 85 Misc 360, 363, 147 NYS 470, 471.” (Matter of Bakri, 109 NYS2d 654, 655-656.)
It is therefore apparent that the judgment debtor’s conduct in delivering her rent checks to the steering committee did not result in the establishment of a valid trust so as to preclude the rights of any creditor, especially a judgment creditor to the checking account funds in question. As of this date, the checks which were previously turned over to the steering committee have still not been presented to the judgment debtor’s bank for payment and therefore the judgment debtor, insofar as her bank is concerned, has retained full control over these funds and could at any time revoke its order to her bank for the payment of these checks. (See Matter of Bakri, 109 NYS2d 654, supra, Aetna Nat. Bank v Fourth Nat. Bank of City of NY 46 NY 82.) The judgment debtor had an absolute right to withdraw the funds from her checking account and thereby exercise her power of revocation by this simple act.
EPTL 10-10.6 states: "Effect of reserved unqualified power to revoke. Where a creator reserves an unqualified power of revocation, he remains the absolute owner of the property disposed of so far as the rights of his creditors or purchasers are concerned. ” (Emphasis added.)
The foregoing section which was previously section 145 of article 5 of the Real Property Law has been held to be applicable to personalty as well as realty. (City Bank Farmers *694 Trust Co. v Cannon, 291 NY 125; Matter of Moehring, 154 NY 423; Matter of Cooksey, 182 NY 92.)
The court therefore finds that the judgment debtor having retained full and Unqualified controls over the funds in her bank remains the absolute owner thereof insofar as the rights of the judgment creditor herein are concerned.
The court holds that the judgment debtor has failed to establish the existence of a valid trust with respect to the funds in question in her checking account and that the judgment creditor is not precluded from exercising its right with respect to these funds.
Therefore the motion by the judgment debtor to vacate the restraining notice and information subpoena previously served by the judgment creditor on the Marine Midland Bank is in all respects denied.