ABRAHAM, APPELLANT, *v.* NATIONAL CITY BANK CORPORATION, F.K.A. CAPITAL NATIONAL BANK, APPELLEE.

[Cite as Abraham *v.* National City Bank Corp. (1990), 50 Ohio St. 3d 175.]

(No. 89-237—Submitted February 7, 1990—Decided April 18, 1990.)

*Nurenberg, Plevin, Heller & Mc-Carthy Co., L.P.A.,* and *Joel Levin,* for appellant.

*Vorys, Sater, Seymour & Pease, Matthew J. Hatchadorian, Arthur J. Tassi* and *Chris Bator,* for appellee.

*Per Curiam.* The only issue before us is whether the court of appeals was correct in affirming the trial court's decision that plaintiff-appellant Abraham's cause of action against defendant-appellee National City is time barred by R.C. 1101.08(F).[1] For the reasons that follow, we hold that R.C. 1101.08(F) applies to the facts of this case and bars Abraham's action against the bank.

R.C. 1101.08(A)(1) lists the internal records that banks are required to keep for one year; R.C. 1101.08(A)(2) lists the internal records that a bank must keep for six years, including deposit and withdrawal tickets, ledger sheets or records showing savings accounts with zero balances or which have been transferred to other ledger sheets or records, and checks issued by the bank which have been cancelled. R.C. 1101.08(B) mandates that bank records not listed in subsection (A) be kept for six years. R.C. 1101.08(E) permits banks to destroy these records after keeping them for the required length of time. R.C. 1101.08(F), the subsection at issue in this case, protects a bank from liability once the records have been destroyed:

"Any action by or against a bank based on, or the determination of which would depend upon, the contents of records for which a period of retention or preservation is set forth in divisions (A) and (B) of this section shall be brought within the period of time for which such record must be retained or preserved."

National City argues that R.C. 1101.08(F) acts as a time bar to Abraham's action to recover the funds in the savings account opened in 1969. Because the only extant internal record of the savings account, the January 1977 microfilm list of Capital National accounts, does not list Abraham's account, National City asserts that the account must have been closed between September 1972, when she last used the passbook, and January 1977. Thus any records — withdrawal slips, bank checks, ledger entries — pertaining to the termination of Abraham's account would have been generated by January 1977 and destroyed by 1983, pursuant to R.C. 1101.08. The bank maintains that because Abraham filed her complaint in 1986, more than six years after 1977, her attempt to recover her

---

[1] In her second proposition of law, Abraham asserts that R.C. 1101.08 violates Section 16, Article I of the Ohio Constitution. Because she failed to raise the issue at trial and raised it for the first time on appeal, we agree with the court of appeals that the issue is waived. See *State* v. *Awan* (1986), 22 Ohio St. 3d 120, 22 OBR 199, 489 N.E. 2d 277.

money began too late and was correctly dismissed as untimely.

Abraham counters that her passbook, which shows no activity in the account after 1972, and her own deposition testimony that she neither emptied the account nor authorized anyone else to do so constitute sufficient evidence for the case to proceed past summary judgment. Abraham also points to the deposition of a former assistant vice-president of Capital National Bank, who testified that the bank discouraged withdrawals from passbook accounts unaccompanied by the passbook. Abraham asserts that R.C. 1101.08(F) does not apply to her action against National City because it is not one "* * * based on, or the determination of which would depend upon, the contents of * * *" the bank's internal records.

We cannot agree. The intent and language of R.C. 1101.08(F) are clear. A bank would be foolish to destroy its records after six years in reliance on R.C. 1101.08(E) without the assurance provided in R.C. 1101.08(F) that it will not thereby leave itself open to litigation without the documents necessary to defend itself.

Without its internal records, National City can only speculate about how and by whom Abraham's funds were removed from her account. Indeed the records might show that the bank was at fault. Abraham contends that the passbook plus her testimony should be sufficient to bring her case before a jury. The problem is that the passbook proves only that the account existed; it does not explain how the funds were removed from the account. Only the internal bank records could explain it. Because these internal bank documents are crucial evidence in Abraham's action and because without them the bank is unable to defend itself in this lawsuit, this is an action "* * *

the determination of which would depend upon, the contents of records * * *" that R.C. 1101.08(E) authorized the bank to destroy. Therefore, R.C. 1101.08(F) applies to the facts of this case and mandates its dismissal.

Abraham asserts that one reason she did not press her claim earlier is that she received no notice that the bank had changed ownership and that her neighborhood branch was closing. She also draws our attention to the deposition testimony of a former Capital National Bank employee that if the bank had erroneously debited her account instead of another customer's, she would not have learned of the error unless she subsequently complained. However, she did receive notice of a sort when she lacked the Form 1099s with which to report the interest the account would have earned each year as long as it was open. The bank was legally responsible for reporting the interest, and Abraham was legally responsible for paying taxes on it. Abraham had other savings accounts, and she testified in her deposition that she paid income tax on the interest on those accounts. The lack of a Form 1099 for the account in this case should have alerted her to a possible problem with that account long before she found the passbook.

Abraham points out that the Revised Code contains statutes of limitations for actions in conversion (R.C. 2305.09[B]), fraud (R.C. 2305.09[C]), and breach of written contract (R.C. 2305.06), which actions accrued when the plaintiff discovered she had no money in the bank. See, *e.g.,* R.C. 2305.09(D); *Children's Hosp.* v. *Ohio Dept. of Public Welfare* (1982), 69 Ohio St. 2d 523, 23 O.O. 3d 452, 433 N.E. 2d 187. Were we to apply these statutes of limitations, Abraham's actions would not be time barred, since she learned in 1985 that the account was

closed and she brought her action the next year.

R.C. 1.51 provides that if general and "special" provisions conflict, "* * * the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." The statutes of limitations for conversion, fraud, and breach of contract do not manifest the legislature's intent that they prevail over more specific statutes of limitations. In fact, R.C. 2305.03 manifests the opposite intent:

"A civil action, *unless a different limitation is prescribed by statute,* can be commenced only within the period prescribed in sections 2305.03 to 2305.22, inclusive, of the Revised Code." (Emphasis added.) It is clear that the statutes of limitations otherwise applicable to Abraham's action against National City must give way to the specific six-year statute of limitations contained in R.C. 1101.08(F). See *State* v. *Volpe* (1988), 38 Ohio St. 3d 191, 527 N.E. 2d 818.

We are not unmindful of the potential for harsh results under the clear mandate of the statute, but this is a legislative problem. Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I do not believe that R.C. 1101.08(F) acts as a time bar here, since this case is neither solely "based on" records which need be retained for only six years, nor does its determination "depend upon" such records.

It has been held that "the relationship between a bank and a general depositor is that of debtor and creditor." *Speroff* v. *First-Central Trust Co.* (1948), 149 Ohio St. 415, 37 O.O. 98, 79 N.E. 2d 119, paragraph one of the syllabus. As was stated in *People* v. *Jenkins* (1978), 61 App. Div. 2d 705, 708, 403 N.Y. Supp. 2d 751, 753: "A depositor is a creditor of the bank and the passbook issued to the depositor is evidence of the debt and the contract between them (*Myers* v. *Albany Sav. Bank,* 270 App. Div. 466, affd. 296 N.Y. 562) * * *."

"The term 'deposit,' when used in connection with a banking transaction, denotes a contractual relationship ensuing from the delivery, by one known as the 'depositor,' of moneys, funds, or things into the possession of the bank, which receives the same upon the agreement to pay, repay, or return, upon the order or demand of the depositor, the moneys, funds, or equivalent amount, of things received * * *." 10 American Jurisprudence 2d (1963) 299, Banks, Section 337. The remedy of a general depositor may sound in contract on the theory that the bank receives the deposit upon an agreement to repay it on demand or order. *Id.* at Section 449.

R.C. 1101.08(F) is limited to actions which are *"based on,* or the *determination of which would depend upon,* the contents of records for which a period of retention or preservation is set forth in divisions (A) and (B) of this section. * * *" (Emphasis added.) Here appellant put forth sufficient evidence which supported her assertion that she did not close her account and that appellee breached its contract by refusing to repay her deposited funds on demand. Her action is thus not solely based on or dependent upon records

which the bank may have destroyed in reliance on R.C. 1101.08(F).

The record discloses no affirmative evidence that appellant's account had been closed. Appellee can only infer that the account had been closed because appellant's account number did not appear on a January 4, 1977 list of open accounts. Appellant's passbook, on the other hand, evidences that the account has not been closed and there has been no activity in the account since September 30, 1972.

Appellant also points out that her passbook contains the statement, "This book must be presented when money is deposited or withdrawn. * * *" It has been held that "[t]he reasonable rules and regulations adopted by a savings bank and printed in its pass book, signed and agreed to by a depositor, form a contract between the bank and the depositor, and each is bound thereby unless such rules and regulations are contrary to some positive rule of law or are against public policy." *Fourth & Central Trust Co.* v. *Rowe* (1930), 122 Ohio St. 1, 170 N.E. 439, at paragraph two of the syllabus. However, it also must be noted that Rule 9 of the bank's Rules and Regulations Governing Royal Passbook Accounts states: "* * * For Bank's protection, no person shall have the right to make a withdrawal without presenting the Passbook and giving a receipt, if requested, for the amount withdrawn but Bank, in its absolute discretion, may permit a withdrawal by depositor without presentment of the Passbook. * * *" According to the deposition of bank official, John Szucs, it appears that withdrawals without a passbook were not "normal bank practice," and would be allowed only upon insistence of customers who, for various reasons, did not have their passbooks with them, or upon court order.

Appellant testified that her passbook had been misplaced from 1972 to 1985, and she had not withdrawn funds from it during that time. She also stated that no one else had authority to withdraw funds from this account or even knew about the account.

Although I agree that banking institutions need some limit on record retention, I cannot agree with the majority that R.C. 1101.08(F) bars all actions against a bank involving destroyed records after a mere six years. Appellee can only guess as to why appellant's account did not appear on its January 4, 1977 list of open accounts. While evidence such as this list may tend to support appellee's contention that appellant's account was closed prior to January 1977, I do not believe that this evidence alone is sufficient to completely bar appellant's claim.

Appellee admitted that it was possible that appellant's account may have been mistakenly debited without appellant being aware of such an error. Further, there was evidence in the record that this account had not escheated to the state. Appellant, an immigrant woman, averred that she never received notice of the various mergers and name changes of the bank. To bar appellant, under these circumstances, from bringing an action against appellee is unjust. This is especially true when her action is neither "based on" nor "dependent upon" allegedly destroyed bank records, but instead is based on an alleged breach of a written contract that existed between her, a depositor, and appellee, a bank.

The court of appeals, in ruling on this case, relied on the decision of *Brown* v. *National City Bank* (Feb. 14, 1980), Cuyahoga App. No. 40394, unreported. As the dissent in the court below correctly pointed out, the facts

in the instant case are distinguishable from those in *Brown, supra*. In *Brown*, plaintiffs, as executors of an estate, attempted to obtain the funds shown to have been deposited in the decedent's passbook savings account. In holding for the bank, the appellate court in *Brown* noted that aside from the passbook, plaintiffs put forth no other evidence which would tend to rebut the presumption that the account had been closed.

Such is not the case here. As noted above, appellant has proferred sufficient evidence, in addition to the presentation of her passbook, that she did not withdraw funds from or close out her account. Thus I believe that the evidence appellant put forth is sufficient to rebut appellee's contention that her account must have been closed prior to 1977. Cf. *Owens* v. *Bank of Brewton* (1974), 53 Ala. App. 529, 302 So. 2d 114.

In conclusion, I would hold that R.C. 2305.06, not R.C. 1101.08(F), controls under these circumstances.

Appellant contends that appellee refused to repay appellant's deposited funds on demand on December 19, 1985. Generally, "the statute of limitations does not begin to run against the right of a depositor in a bank to maintain an action against the bank to recover a general deposit until there has been a demand for payment, * * * and a refusal to pay." 10 American Jurisprudence 2d, *supra,* at 424, Section 453. See *First City Trust & Savings Bank* v. *Doolittle* (1930), 36 Ohio App. 218, 221, 222, 173 N.E. 19, 20. Thus, appellant's action, filed May 28, 1986, was filed timely for purpose of R.C. 2305.06.

I would reiterate that the six-year bar has no place here; instead, the fifteen-year limitation for actions sounding in written contract applies. Appellant brought her action timely, and I would, therefore, reverse the appellate court.

DOUGLAS, J., concurs in the foregoing dissenting opinion.