While I am in complete agreement with the majority's treatment of appellant's second and third assignments of error, I respectfully concur in judgment only with its disposition of appellant's first assignment of error.
A review of the record shows that appellant failed to raise the constitutionality of R.C. 709.07 before the court of common pleas. Despite this fact, the majority proceeds to discuss appellant's arguments, and ultimately determines that appellant had no constitutional claim to assert.
I, however, believe that it was unnecessary to address the merits of appellant's position because, in general, the failure to assert a constitutional argument at the first available opportunity results in the waiver of that particular issue on appeal. Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt.Dist. (1995), 73 Ohio St.3d 590, 598; Abraham v. Natl. City BankCorp. (1990), 50 Ohio St.3d 175, 176, fn. 1; State ex rel. Spechtv. Oregon City Bd. of Edn. (1981), 66 Ohio St.2d 178, 181. See, also, State v. Awan (1986), 22 Ohio St.3d 120, syllabus.
I recognize that the waiver doctrine is not absolute in its application and that a reviewing court has the limited discretion to entertain constitutional arguments that were not raised below. See In re M.D. (1988), 38 Ohio St.3d 149, syllabus; see, also,Local Lodge 1297, Internatl. Assn. of Machinists AerospaceWorkers (1986), 22 Ohio St.3d 228, 229. However, I do not feel that appellant's arguments warrant departure from the general rule. Thus, I would decline to even consider the merit of appellant's first assignment of error.
For the foregoing reasons, I respectfully concur in judgment only with the decision of the majority with respect to appellant's first assignment of error.