OPINION
Appellant, Atlantic Mortgage and Investment Corporation, appeals the November 14, 2000 judgment entry of the Ashtabula County Court of Common Pleas confirming the sale of property to Brenda Lipps, the intervening defendant-appellee.[1]
On October 19, 1998, appellant filed a complaint in foreclosure against Richard L. and Pamela R. Sayers ("the Sayers") and First Western Bank Federal Savings Bank ("First Western"). Appellant received judgment against the Sayers and First Western on July 8, 1999. On July 19, 2000, appellant filed a precipe requesting an order of sale of the property. The property was advertised for a sheriff's sale on August 24, 2000. The sheriff's sale took place on September 18, 2000, and appellee was the successful bidder, with a bid of $82,000 for the property.
On September 22, 2000, appellant filed a motion to set aside the sheriff's sale, claiming that it would have bid more on the property than appellee if it had had a representative present. Appellant explained that its attorney was tied up in court on the morning of the sale. As a result, appellant's attorney arrived five minutes late for the sale, and no bid was placed on behalf of appellant. Thereafter, on October 4, 2000, appellee, who was the successful bidder, filed a motion to confirm the sale.
In a judgment entry dated October 16, 2000, the trial court denied appellant's motion to set aside the sale and also scheduled a hearing on appellee's motion to confirm the sale. On November 14, 2000, at 3:35 p.m., the trial court issued an order of confirmation conveying the property to appellee. On that same date, at 4:05 p.m., appellant filed a timely notice appeal with this court from both the October 16 and November 14 entries.[2] Appellant now asserts the following as error[3]:
 "[1.] The trial court abused its discretion in denying [appellant's] motion to set aside the sheriff's sale.
 "[2.] The trial court abused its discretion by denying [appellant's] motion to set aside the sheriff's sale and not affording [appellant] a hearing."
 Preliminarily, we note that the Supreme Court of Ohio has stated that "[w]hen a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment[,]" order, or decree from which the appeal has been perfected. Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Moreover, once an appeal has been filed, unless a stay of execution has been obtained, "the trial court retains jurisdiction over its judgments as well as proceedings in aid of the same." State ex rel. Klein v. Chorpening (1983), 6 Ohio St.3d 3, 4.
Further, "[t]he mere filing of a notice of appeal from the judgment of the trial court without a stay of execution being issued does not deprive the trial court of authority to enforce its judgment." White v. White
(1977), 50 Ohio App.2d 263, paragraph five of the syllabus. Thus, the trial court retains jurisdiction to issue a confirmation order pursuant to R.C. 2329.31 after an appeal has been filed. However, once an appellant has obtained a valid stay order from either the trial court or the court of appeals, a nonappealing party cannot initiate any proceeding to enforce a judgment. Hagood v. Gail (1995) 105 Ohio App.3d 780, 785. The trial court also cannot take any action in aid of execution. Id. If an appellant neglects to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending. Id. When a nonappealing party is successful in obtaining a satisfaction of the judgment, "the appeal must be dismissed because the issues in the appeal have become moot." Id.
In the instant matter, even though appellant filed a motion to stay execution, appellant later withdrew that motion. Thus, since there was no valid stay order obtained, and the judgment has been satisfied, the issues are now moot and the appeal should be dismissed. However, in the interests of justice, we will address the merits of appellant's arguments.
In its first assignment of error, appellant claims that the trial court erred in denying its motion to set aside the sheriff's sale. The decision whether to confirm or set aside a sheriff's sale is left to the sound discretion of the trial court. Ohio Sav. Bank v. Ambrose (1990),56 Ohio St.3d 53, 55. The court's decision will not be disturbed absent an abuse of that discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506. When applying the abuse of discretion standard of review, we are not free to substitute our judgment for that of the trial court. In re:Jane Doe I (1991), 57 Ohio St.3d 135, 137-138, citing Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169. The primary purpose of a foreclosure sale is to protect the interests of the mortgagor/debtor while ensuring that secured creditors receive payment for unpaid debts. Ohio Sav. Bank at 56, citing Union Bank Co. v. Brumbaugh (1982), 69 Ohio St.2d 202, 208.
In the instant matter, appellant claims that the sheriff's sale should be set aside because "through circumstances beyond his control, [he] was unable to submit a bid on behalf of [appellant] * * *." In appellant's attorney's affidavit attached to the motion to set aside the sale, appellant's attorney averred that he was retained on August 21, 2000, to attend a sheriff's sale. However, on the date of the sale, September 18, 2000, appellant's counsel was in a hearing from 11:00 a.m. until noon. Appellant's attorney stated that he arrived at the sale without any bidding instructions, but the sale had concluded momentarily prior to his arrival. Appellant's attorney explained that the bidding instructions were forwarded, via facsimile, to his attorney's office at 10:00 a.m. on the morning of the sale.
Appellant and its attorney knew well in advance that the sale was to take place on September 18, 2000. Yet, appellant did not communicate bidding instructions to its attorney until two hours before the sale. Further, neither appellant nor its attorney made alternate arrangements since appellant's attorney had another hearing on that date. Appellant contended that his attorney "missed the opportunity to submit a bid on behalf of [appellant] merely by a few minutes as a result of his involvement in another court case." However, "the demands of being a busy lawyer or of being preoccupied with other litigation generally do not constitute excusable neglect." Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, 537. Therefore, we conclude that the trial court did not act arbitrarily, unconscionably, or unreasonably when it denied appellant's motion to set aside the sheriff's sale. Furthermore, it is our determination that the trial court did not abuse its discretion in its judgment entry confirming a judicial sale. Appellant's first assignment of error lacks merit.
In its second assignment of error, appellant argues that it was denied due process by not being affording a hearing on its motion to set aside the sheriff's sale. Appellant raises for the first time on appeal the contention that it was denied due process by not being afforded a hearing.
It is well-settled that "where constitutional arguments are not raised, argued and ruled upon by the trial court, reviewing courts should not entertain such arguments for the first time on appeal." In re:Vickers Children (1983), 14 Ohio App.3d 201, 202. Therefore, the failure to raise a constitutional claim at the appropriate time constitutes a waiver of that argument on appeal. Abraham v. Natl. City Bank Corp. (1990), 50 Ohio St.3d 175, 176, fn. 1; State v. Awan (1986),22 Ohio St.3d 120, 122.
In the case at bar, after appellant's motion to set aside the sheriff's sale was denied, a hearing was held on appellee's motion to confirm the sale. At that hearing, the trial court asked why the sale should not be confirmed. Appellant's attorney stated that he missed the sale because he was at a hearing. He basically set forth the same information that was contained in his affidavit that was attached to appellant's motion to set aside the sheriff's sale. There were never any comments made about not being afforded a hearing on the motion to set aside the sheriff's sale. Thus, since appellant raised the due process argument for the first time on appeal, it is waived. Appellant's second assignment of error is without merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., GRENDELL, J., concur.
[1] For purposes of this opinion, we will refer to intervening defendant-appellee, Brenda Lipps, as appellee.
[2] On November 14, 2000, at 4:06 p.m., appellant filed a motion to stay execution of the confirmation entry. However, on December 22, 2000, appellant withdrew its motion to stay execution. On December 27, 2000, the trial court permitted appellant's motion to stay to be withdrawn.
[3] We note that on January 25, 2001, appellee filed a motion to dismiss appellant's appeal because she claimed the appeal was moot since there was a voluntary satisfaction of judgment rendered by the trial court. This court overruled the motion because at that time, appellee was not a party to the action. Thereafter, on July 6, 2001, appellee filed a motion to reconsider our judgment entry overruling her motion to dismiss. On August 15, 2001, we issued a judgment entry stating that appellee had achieved a "de facto" status, and we remanded the matter to the trial court so appellee could file a motion to intervene. On August 21, 2001, appellee filed a motion to intervene nunc pro tunc, which the trial court granted on August 22, 2001.