OPINION
{¶ 1} Appellant, Ruth A. Studer ("Studer"), appeals from a judgment entry entering summary judgment against her. On review, we affirm the judgment of the trial court.
 {¶ 2} Studer filed a product liability lawsuit against appellee, Volvo Cars of North America, LLC ("Volvo"), following an incident on March 21, 2005, in which the airbag in her vehicle unexpectedly deployed. Studer further alleged in her complaint that, as a result of the airbag deployment, she sustained personal injuries. *Page 2 
 {¶ 3} Volvo filed an answer denying liability for the incident. It then filed a motion for summary judgment, asserting that the statute of repose passed by the Ohio General Assembly in 2005 bars a products liability suit filed more than ten years after the date of original delivery of the vehicle.[1] Studer's vehicle was a 1988 Volvo 740 station wagon. By Volvo's reckoning, no product liability suit with respect to this vehicle could have been filed after 1998. Studer did not respond to the motion for summary judgment.
 {¶ 4} The trial court found that R.C. 2305.10(C)(1) was applicable to Studer's fact situation and granted Volvo's motion for summary judgment. The trial court filed its judgment entry on February 9, 2006.
 {¶ 5} Studer has timely appealed from the trial court's entry of summary judgment, asserting a single assignment of error:
 {¶ 6} "The trial court erred in granting summary judgment in favor of appellee."
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." The court shall consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any."[2]
Further, the party seeking summary judgment must point *Page 3 
specifically to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims.[3] In response, the nonmoving party must set forth specific facts that demonstrate that there is a genuine issue of material fact to be tried. The nonmoving party may not rest upon bare allegations or conclusory statements in his complaint.[4] However, "even where the nonmoving party fails completely to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party."[5]
 {¶ 8} A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review.[6] A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision.[7]
 {¶ 9} In its motion for summary judgment, Volvo asserted that Studer's vehicle was first sold at retail on July 22, 1988; that it was re-sold on October 8, 1992; and that Studer purchased it from a third party on June 6, 2002. It then asserted that R.C. 2305.10(C)(1) bars Studer's claim. Studer did not challenge any of the assertions of Volvo in the trial court.
 {¶ 10} In this court, Studer argues that R.C. 2305.10(C)(1) is unconstitutional in that it deprives her of a remedy, in violation of Section 16, Article I, of the Ohio Constitution. *Page 4 
 {¶ 11} At first blush, it appears that there is merit to Studer's argument that R.C. 2305.10(C)(1) does not pass constitutional muster.
 {¶ 12} Studer's cause of action accrued on March 21, 2005, the date of her injuries. As of that date, R.C. 2305.10 prescribed a two-year statute of limitations for personal injuries.
 {¶ 13} R.C. 2305.10(C)(1) became effective on April 7, 2005 and enacted a ten-year statute of repose for product liability actions. The ten-year period is measured from the date the product is delivered to the first purchaser.
 {¶ 14} It appears that R.C. 2305.10(C)(1) retroactively deprived Studer of her right to sue for personal injuries and, therefore, may be in violation of Section 28, Article II, of the Ohio Constitution. Her situation is analogous to that in Aetna Life Ins. v. Schilling, where the Supreme Court of Ohio held that the statutory enactment in that case retroactively took away a vested right, in violation of Section 28, Article II, of the Ohio Constitution.[8]
 {¶ 15} However, this court is bound by the well-settled rule that a constitutional issue may not be raised for the first time on appeal.
 {¶ 16} "It is well-settled that `where constitutional arguments are not raised, argued and ruled upon by the trial court, reviewing courts should not entertain such arguments for the first time on appeal.'[9]
Therefore, the failure to raise a constitutional claim at the appropriate time constitutes a waiver of that argument on appeal.[10]"[11] *Page 5 
 {¶ 17} In the trial court, Studer did not respond to the motion for summary judgment filed by Volvo. She did not raise the constitutionality of R.C. 2305.10(C)(1) in her complaint. She did not ask for a declaratory judgment on the constitutionality of the statute, which would have required her to bring in the attorney general as a party.[12]
 {¶ 18} Thus, this court will not consider the constitutionality of R.C. 2305.10(C)(1) for the first time on appeal, where this issue has not been raised in the trial court.
 {¶ 19} Appellant's assignment of error is without merit.
 {¶ 20} The judgment of the trial court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only.
[1] R.C. 2305.10(C)(1).
[2] Civ.R. 56(C).
[3] Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293.
[4] Smith v. L.J. Lewis Ents., Inc., d.b.a. Action EmergencyAmbulance (Sept. 28, 2001), 11th Dist. No. 2000-T-0052, 2001 Ohio App. LEXIS 4413, at *13, quoting Civ.R. 56(E).
[5] (Emphasis in original.) Morris v. Ohio Cas. Ins. Co. (1988),35 Ohio St.3d 45, 47.
[6] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[7] (Citation omitted.) Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
[8] Aetna Life Ins. Co. v. Schilling (1993), 67 Ohio St.3d 164, syllabus.
[9] In re Vickers Children (1983), 14 Ohio App.3d 201, 202.
[10] Abraham v. National City Bank Corp. (1990), 50 Ohio St.3d 175,176 fn.1; State v. Awan (1986), 22 Ohio St.3d 120, 122.
[11] Atlantic Mtge. Invest. Corp. v. Sayers, 11th Dist. No. 2000-A-0081, 2002-Ohio-844, at ¶ 12.
[12] R.C. 2721.12. *Page 1