OPINION
{¶ 1} Plaintiff, Talat Abdul Akbar, appeals from an order of the court of common pleas that denied Akbar's motion for summary judgment and granted a motion for summary judgment filed by Defendant, Fifth Third Bank ("the Bank").
 {¶ 2} Akbar commenced an action against the Bank on *Page 2 
September 1, 2006. The gist of his claims for relief is that the Bank failed to post a deposit Akbar made to his account, which resulted in Akbar's conviction for passing bad checks. Akbar's complaint alleged:
 {¶ 3} "Now comes Talat Abdul Akbar, Plaintiff petitioning the court for judgement against Fifth Third Bank. It is my intention to prove that Fifth Third Bank kept inaccurate records and knowingly withheld a deposit that would have shown my account was not out of balance, infact it was actually in the positive[.] Please find enclosed a copy of that deposit.
 {¶ 4} "So with this information along with the probation departments investigation will show this Honorable court that the 11 months I spent incarcerated was a willfull miscarriage of justice and an attack on me as a human being. I pray that this honorable court will grant me the maximum amount allowed and any other relief it deems appropriate."
 {¶ 5} The Bank answered Akbar's complaint, pleading the affirmative defense of statute of limitations. The Bank filed a motion for summary judgment on that defense. Akbar likewise moved for summary judgment.
 {¶ 6} The trial court denied Akbar's motion. It granted summary judgment on the Bank's motion, stating:
 {¶ 7} "The Court, in construing Mr. Akbar's factual *Page 3 
allegations, concludes Mr. Akbar, most probably, is seeking relief for the negligent or intentional taking or retention of personal property or, perhaps, Mr. Akbar is asserting a fraud claim. These allegations under, O.R.C. § 2305.09(B) (C), have a four (4) year limitation period. If Mr. Akbar is seeking relief for any injury not arising from a contract, then the limitation period, under O.R.C. § 2305.09(D), is also four years. If Mr. Akbar is seeking relief based upon some unspecified statutory provision, then, under O.R.C. § 2305.07, the limitation period is six years. Finally, if Mr. Akbar is seeking a remedy under the Ohio Consumer Sales Practices Act, the applicable limitation period, under O.R.C. § 1345.10, is two years.
 {¶ 8} "Fifth Third, by noting the transaction triggering Mr. Akbar's complaint occurred on April 24, 1998 and noting Mr. Akbar's complaint was not filed until September 1, 2006, has met its initial burden to establish an entitlement to summary judgment. Mr. Akbar, in contrast, has failed to provide any Rule 56 material creating a genuine issue of material fact that the limitation period for any possible cause of action he may have had against Fifth Third has not expired. Mr. Akbar, that is, has not met his reciprocal *Page 4 
burden under Dresher v. Burt, supra.[1]"
 {¶ 9} The deposit of funds Akbar allegedly made took place in April of 1998. His complaint was filed on September 1, 2006, more than seven and one-half years later. Under the statutes of limitations the trial court applied to Akbar's claims for relief, his action on those claims is barred. Akbar argues that the trial court erred because it should have instead applied the fifteen year statute of limitations in R.C. 2305.06, under which his action was timely filed.
 {¶ 10} R.C. 2305.06 governs "an action upon a specialty or an agreement, contract, or promise in writing." Assuming that Akbar and the Bank were parties to a contract of deposit that was in writing, we agree that R.C. 2305.06 could apply to the action Akbar filed. We also agree that the several statutes of limitations the trial court cited could also apply to the claims for relief in that action. Nevertheless, we believe that none of those provisions is dispositive of the issue presented.
 {¶ 11} R.C. 1109.69(F) provides that:
 {¶ 12} "Any action by or against a bank based on, or the determination of which would depend on, the contents of records for which a period of retention or preservation is set *Page 5 
forth in divisions (A) and (B) of this section shall be brought within the time for which the record must be retained or preserved."
 {¶ 13} R.C. 1109.69(A) and (B) provide for a retention period of no more than six years for the type of records that Akbar would need to prove his case and Fifth Third Bank would need to defend itself. InAbraham v. National City Bank Corp. (1990), 50 Ohio St.3d 175, the Supreme Court applied R.C. 1109.69(F) to a depositor's claim, based on balances shown in her passbook, that her bank had permitted funds in her account to be improperly withdrawn or otherwise removed from the account. The Supreme Court wrote:
 {¶ 14} "The intent and language of R.C. [1109.69](F) are clear. A bank would be foolish to destroy its records after six years in reliance on R.C. [1109.69(E)] without the assurance provided in R.C. [1109.69(F)] that it will not thereby leave itself open to litigation without the documents necessary to defend itself.
 {¶ 15} "Without its internal records, National City can only speculate about how and by whom Abraham's funds were removed from her account. Indeed the records might show that the bank was at fault. Abraham contends that the passbook plus her testimony should be sufficient to bring her case *Page 6 
before a jury. The problem is that the passbook proves only that the account existed; it does not explain how the funds were removed from the account. Only the internal bank records could explain it. Because these internal bank documents are crucial evidence in Abraham's action and because without them the bank is unable to defend itself in this lawsuit, this is an action `* * * the determination of which would depend upon, the contents of records * * *' that R.C. [1109.69(E)] authorized the bank to destroy. Therefore, R.C.[1109.69(F)] applies to the facts of this case and mandates its dismissal." Id., at 177.
 {¶ 16} The claims for relief in Akbar's complaint arise from a deposit he allegedly made with Fifth Third Bank in April of 1998. If the six-year statute of limitations in R.C. 1109.69 is applicable, then Akbar's claim must fail as he waited more than six years after the alleged deposit to commence the action on his claims. On the other hand, if the fifteen-year statute of limitations in R.C. 2305.06 on which Akbar relies is applicable, then Akbar's claim is timely and he should be allowed to proceed against Fifth Third Bank.
 {¶ 17} In Abraham, at 178, the Supreme Court addressed which statute of limitation should apply:
 {¶ 18} "R.C. 1.51 provides that if general and *Page 7 
`special' provisions conflict, `* * * the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.' The statutes of limitations for conversion, fraud, and breach of contract do not manifest the legislature's intent that they prevail over more specific statutes of limitations. In fact, R.C. 2305.03 manifests the opposite intent:
 {¶ 19} "`A civil action, unless a different limitation is prescribedby statute, can be commenced only within the period prescribed insections 2305.03 to 2305.22, inclusive, of the Revised Code.' (Emphasis added.) It is clear that the statutes of limitations otherwise applicable to Abraham's action against National City must give way to the specific six-year statute of limitations contained in R.C. [1109.69(F)]. See State v. Volpe (1988), 38 Ohio St.3d 191,527 N.E.2d 818."
 {¶ 20} Pursuant to Abraham and R.C. 1109.69, Akbar's claim against Fifth Third Bank was time-barred as a matter of law, because he failed to commence his action within six years of his alleged April 1998 deposit. Therefore, the trial court did not err in granting Fifth Third Bank's motion for summary judgment. *Page 8 
 {¶ 21} The assignment of error is overruled.
 {¶ 22} The judgment of the trial court will be affirmed.
FAIN, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280. *Page 1