SPILLER, APPELLEE, *v*. SKY BANK–OHIO BANK REGION, APPELLANT.

[Cite as *Spiller v. Sky Bank–Ohio Bank Region,*

122 Ohio St.3d 279, 2009-Ohio-2682.]

*When an action on an account against a bank is based on or depends on the contents of records that the bank is required to maintain, the action must be asserted within the time provided by R.C. 1109.69 for retention of those records, even when the account at issue is an automatically renewing certificate of deposit.*

(No. 2008-0900 — Submitted March 25, 2009 — Decided June 16, 2009.)

APPEAL from the Court of Appeals for Logan County,

No. 8-07-03, 2008-Ohio-1338.

_____

**SYLLABUS OF THE COURT**

When an action on an account against a bank is based on or depends on the contents of records that the bank is required to maintain, the action must be asserted within the time provided by R.C. 1109.69 for retention of those records, even when the account at issue is an automatically renewing certificate of deposit.

_____

**MOYER, C.J.**

**I**

{¶ 1} In this case, a bank refused to honor a decades-old, automatically renewing certificate of deposit, for which the bank had no records and the bearer could produce only the original certificate and her earnest belief that the certificate had not yet been redeemed. At issue is the application of R.C. 1109.69, which sets the time periods for which banks must retain records and the

corresponding time periods in which lawsuits depending on those records can be brought. We must determine whether R.C. 1109.69 bars a cause of action on an automatically renewing certificate of deposit.

{¶ 2} For the following reasons, we reverse the decision of the court of appeals and hold that when a cause of action against a bank on an automatically renewing certificate of deposit is based on or dependent on records that the bank must retain under R.C. 1109.69, the action must be brought within the applicable records-retention period.

## II

{¶ 3} While moving a dresser, Maxine Spiller, appellee, discovered an envelope that had been taped under one of the dresser drawers. Inside were four certificates of deposit and $2,500 in cash. The dresser had belonged to her friend Roberta Stayrook, who had passed away several months earlier. Although the discovery was unexpected, Spiller testified that she was not surprised to find the trove, because Stayrook "liked to tuck money away" and had warned that "if anything ever happened to her" Spiller should "go through everything, not throw anything out until [she] checked everything."

{¶ 4} The two had been friends since 1936 and had shared a residence and bank account since Spiller's husband passed away in the late 1970s. Spiller collected the mail every day and was privy to Stayrook's finances. Spiller knew that the certificates existed and believed that Stayrook had never redeemed them.

{¶ 5} Of the four certificates in the envelope, two were issued to Stayrook and were payable on death to Spiller and a third was issued to Stayrook "or" Spiller. The fourth certificate (which is the only one at issue in this appeal) was issued to Spiller and was payable on death to Stayrook. The certificates were issued between 1974 and 1979 and their aggregate present value was calculated before trial to be $311,964.41. The sole certificate at issue represents less than $30,000 of that amount.

**{¶ 6}** Sky Bank, appellant, is the successor to the bank that originally issued the certificates. When Spiller presented the certificates to Sky Bank for redemption, the bank refused to pay. Sky Bank employees searched, but were unable to find any open accounts for Spiller or Stayrook or records with their names, account numbers, or Social Security numbers.

**{¶ 7}** The bank assigned no importance to the fact that Spiller had the original certificates of deposit, because, under Sky Bank's policies, customers were permitted to redeem certificates of deposit without surrendering the paper certificates. Sky Bank maintains that the certificates must have been redeemed and therefore the bank must have disposed of the pertinent records in accordance with its retention policy.

**{¶ 8}** After her efforts to redeem the certificates proved unavailing, Spiller sued Sky Bank, alleging that she was entitled to cash the certificates.

**{¶ 9}** The trial court overruled Sky Bank's motion to dismiss and motion for summary judgment, both of which asserted that Spiller's suit was time-barred under R.C. 1109.69(F) and *Abraham v. Natl. City Bank Corp.* (1990), 50 Ohio St.3d 175, 553 N.E.2d 619.

**{¶ 10}** After a bench trial, the court denied Spiller recovery on the three certificates of deposit issued solely or jointly to Stayrook and in favor of Spiller on the certificate issued to her solely. Therefore, the trial court awarded Spiller $26,832.

**{¶ 11}** The Third District Court of Appeals affirmed the decision of the trial court. The court of appeals held that the bank was not authorized by statute to destroy records of the certificates of deposit, because the certificates renewed automatically. The court of appeals reasoned that because the bank was not authorized to destroy the records of an automatically renewing certificate, the statutory time bar on filing suit did not apply.

{¶ 12} For the reasons that follow, we reverse the judgment of the court of appeals and hold that Spiller's suit was time-barred by R.C. 1109.69.

### III

{¶ 13} This case is controlled by our decision in *Abraham v. Natl. City Bank Corp.*, 50 Ohio St.3d 175, 553 N.E.2d 619. Here, as in *Abraham*, the plaintiff presented stale evidence of money deposited with a bank and testified that the money had never been withdrawn. Id. at 175. In each case, the defending bank lacked records of any such account and provided a list of customers who had open accounts as of a date more than six years prior to the plaintiff's claim, and the plaintiff's name was not on the list. Id. Spiller, like the plaintiff in *Abraham*, did not recall ever having received a Form 1099 reporting interest earned on savings or any other correspondence regarding the account. Id. In neither case did the money escheat to the state as abandoned funds. Id. at 179 (Resnick, J., dissenting). And here, as in *Abraham*, the account had no fixed termination date.

{¶ 14} In *Abraham*, we considered the date of the last entry in the plaintiff's savings passbook and reasoned: "The problem is that the passbook proves only that the account existed; it does not explain how the funds were removed from the account. Only the internal bank records could explain it." Id. at 177. We concluded that the action depended upon records that the bank was permitted by statute to destroy, and therefore we held that the suit was time-barred by the statute.[1] Id.

{¶ 15} Similar circumstances are presented in this case. Spiller has only the original paper certificate issued in 1975 and her testimony to prove the existence of the deposit. Sky Bank has produced an all-accounts list that indicates that no such account existed in 1993. The absence of any record of Spiller's account as of December 31, 1992, raises an inference that the account was closed

---

1. *Abraham* considered former R.C. 1101.08, which was renumbered as current R.C. 1109.69 by Am.Sub.H.B. No. 538, 146 Ohio Laws 5498, 5614 (effective Jan. 1, 1997).

at some time between 1975 and December 31, 1992. Spiller cannot explain when, why, or how the account terminated; only the bank's internal records could do that. Accordingly, this is a lawsuit "based on, or the determination of which would depend on, the contents of records" retained pursuant to R.C. 1109.69(A) or (B). R.C. 1109.69(F); *Abraham*, 50 Ohio St.3d at 177, 553 N.E.2d 619.

{¶ 16} R.C. 1109.69(E) provides: "A bank may dispose of any records that have been retained or preserved for the period set forth in divisions (A) and (B) of this section."

{¶ 17} R.C. 1109.69(F) provides: "Any action by or against a bank based on, or the determination of which would depend on, the contents of records for which a period of retention or preservation is set forth in divisions (A) and (B) of this section shall be brought within the time for which the record must be retained or preserved."

{¶ 18} Under R.C. 1109.69(A) and (B), certain records must be maintained for one year or six years following the closing of an account or date of last entry. Under either subsection, the record-retention period has passed in this case. The all-accounts list for 1993 indicates, by absence of Spiller's name, that the account was closed on or before December 31, 1992. Accordingly, the bank was permitted under R.C. 1109.69(E) to discard any records of the account on January 1, 1999, at the latest. Spiller's suit is therefore time-barred by R.C. 1109.69(F).

{¶ 19} The lone difference between this case and *Abraham* is the type of account involved, but it is a difference with no legal significance. For purposes of R.C. 1109.69(F), there is no meaningful difference between a passbook savings account of indefinite duration and an automatically renewing certificate of deposit.

{¶ 20} A bank is authorized to dispose of records at the end of the retention period under R.C. 1109.69(E). All accounts, whether limited, special purpose or automatically renewing are subject to closure at some time.

{¶ 21} Our holding today ensures that R.C. 1109.69(F) has effect, by reiterating that banks may dispose of records as provided by R.C. 1109.69(E) without risking liability to suit. Were it otherwise, a bank could never dispose of records relating to an automatically renewing certificate of deposit without subjecting itself to liability on a claim that the account was never actually closed.

{¶ 22} When an action on an account against a bank is based on or depends on the contents of records that the bank is required to maintain, the action must be asserted within the time provided by R.C. 1109.69 for retention of those records, even when the account at issue is an automatically renewing certificate of deposit.

{¶ 23} Because the decision of the court of appeals is contrary to R.C. 1109.69, it is hereby reversed.

Judgment reversed

and cause dismissed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 24} Not everybody sits and counts his or her money every day. Mrs. Spiller has the certificate of deposit. The bank has nothing. The bank wins? I dissent.

_____

Steven R. Fansler, for appellee.

Eastman & Smith, Ltd., Henry N. Heuerman, and Matthew D. Harper, for appellant.

Jeffrey D. Quayle; and Bricker & Eckler, L.L.P., Jeffery E. Smith, and Anne Marie Sferra, urging reversal for amicus curiae, Ohio Bankers League.

_____